In the Matter of `Henry B. Gerling et al., Appellants, against Board of Zoning Appeals of the Town of Clay et al., Respondents, and John Hinerwadel, Intervenor-Respondent.

Fourth Department, July 10, 1958.

248

*Martin F. Kendrick* for appellants.

*Russel J. Egleston* and *George W. Cregg* for respondents.

*Lewis C. Ryan* for intervenor-respondent.

WILLIAMS, J.   One Hinerwadel, the owner of a tract of land of about 32 acres in the town of Clay, had conducted a clambake picnic area for over 40 years and a clam chowder processing operation for over 5 years, on such property.  In 1955, a zoning ordinance was enacted by the town, which placed this property in a " residential " zone.

The owner applied for a building permit to erect certain additions to existing buildings.  His application was rejected by the bulding inspector of the town on the ground that " Proposed addition would create extension of non-conforming use which would be prohibited by present zoning."  He then applied to the Zoning Board of Appeals for a variance of the provisions of the zoning ordinance, stating that he desired to construct and extend existing buildings and that the proposed extension would violate the ordinance.  A variance was requested so that he could provide " larger and more modern facilities to accommodate increase in business also for the preparation of food products for off premise consumption."  His petition stated that the zoning ordinance resulted " in practical difficulties and unnecessary and undue hardships  *  *  *  for the reasons that: a steady increase in volume business has resulted in a need for larger and more modern facilities.  The restriction in expansion would result in a serious loss both to the owner and the community and not wholly in a financial aspect."  The petition also alleged that the land could not be used for any other reasonable use in conformity with the ordinance.

The Zoning Board of Appeals granted permission to extend the nonconforming use and this determination was confirmed by Special Term. In this article 78 proceeding, the question presented is whether the board had the right and power under the circumstances to grant a variance in the form of such extension.

Section 21 of article VI of the Town of Clay's Zoning Ordinance provides in part: " C. Extension. A nonconforming use shall not be extended, but the extension of a lawful use to any portion of a nonconforming building which existed prior to the enactment of this ordinance shall not be deemed the extension of such nonconforming use."

Section 23 provides:

" 3. Variances. After public hearing upon appeal in writing from a decision in writing by an administrative official, to vary or adapt the strict application of any of the requirements of this ordinance in the case of exceptionally irregular, narrow, shallow or steep lots, or other exceptional physical conditions, whereby such strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case.

" No variance in the strict application of any provision of this ordinance shall be granted by the Board of Appeals unless it finds:

" a. That there are special circumstances or conditions, fully described in the findings, applying to the land or building for which the variance is sought, which circumstances or conditions are peculiar to such land or buildings in the neighborhood, and that said circumstances or conditions are such that the strict application of the provisions of this ordinance would deprive the applicant of the reasonable use of such land or building; and

" b. That, for reasons fully set forth in the findings, the granting of the variance is necessary for the reasonable use of the land or building and that the variance as granted by the Board is the minimum variance that will accomplish this purpose; and

" c. That the granting of the variance will be in harmony with the general purpose and intent of this ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare."

Under section 21 nonconforming uses are not to be extended except in accordance with the variance provisions and subject to the limitations of section 23. Subdivision 3 of section 23

provides that when the land possesses certain exceptional or unique physical characteristics because of which the strict application of the ordinance would deprive the owner of the reasonable use of his land or building, a variance may be permitted, but in no other case. The section requires that the board fully describe in its findings: (1) the special circumstances peculiar to the land or buildings involved which would deprive the applicant of the reasonable use of his property under a strict application of the ordinance; (2) the necessity of the variance for such reasonable use; (3) the fact that the variance is the minimum variance which will accomplish the purpose; and (4) that the granting of the variance will be in harmony with the general purpose and intent of the ordinance and not injurious to the neighborhood or otherwise detrimental to the public welfare. The findings of the board do not meet these requirements.

Under the ordinance, the owner must make the same showing of a deprivation of reasonable use to justify an extension of an established nonconforming use as he would to justify a variance for a new use.

To establish deprivation of reasonable use, or "hardship" as it is frequently termed, for the purpose of obtaining an original variance an owner must provide a record which shows that: " (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood * * *; and (3) the use to be authorized by the variance will not alter the essential character of the locality." (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76.)

In considering an application for the extension of an established nonconforming use, in *Matter of Crossroads Recreation* v. *Broz* (4 N Y 2d 39) the court reiterated the above-quoted portions of the *Otto* case (*supra*) and held that all three of the conditions outlined must be shown to obtain such an extension. The court there concluded, at page 43: " Since the record here does not, as we shall demonstrate, show that ' the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone ', we need not consider the requirements numbered (2) and (3) above."

Further, it was stated at page 42: " While it is clear here, and no one questions the fact, that the petitioners may continue to operate the gasoline station *as it presently exists —* because it was devoted to such a use prior to 1945, when the

prohibitory zoning ordinance took effect [citation] — the petitioners may not ' enlarge that use as a matter of right ' [citation]. Were that not so, zoning laws would, in effect, be rendered nugatory and nonconforming parcels, as a result, would assume great values — ' a premium would then be the reward for violating the law ' (*Matter of Pisicchio* v. *Board of Appeals,* 165 Misc. 156, 157).''

The owner is thus required to show more than the mere fact that he needs '' larger and more modern facilities to accommodate increase in business ''.

In the instant case, the board sought to base its determination on a finding of '' uniqueness.'' Actually there is nothing unique about this property except possibly that a relatively small portion of this large area is used for buildings. Moreover, the test laid down in the *Otto* case requires that the uniqueness contemplated in the ordinance must cause unnecessary hardship in order to justify a variance, and, in our opinion, the record does not meet this standard. (*Matter of Hickox* v. *Griffin,* 298 N. Y. 365; *Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236; *Matter of Ryback* v. *Murdock,* 1 A D 2d 132.)

However, since the record does not show that '' the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone,'' we need not consider the other two elements which are required to prove unnecessary hardship. There was no proof before the board of the value of the land or buildings, the present return therefrom either gross or net, the cost of the proposed additions and alterations, or the return that might be received if the property should be converted to a conforming use in whole or in part. Without such proof, the board had no power to grant the variance. The applicant wholly failed in his burden of proving facts essential to the relief requested.

In the board's findings, there are some indications that its decision was based, at least in part, on personal knowledge and on the results of a visual inspection of the property. If such matters were to support the determination of the board, they had to be stated in the return. (*Matter of Community Synagogue* v. *Bates,* 1 N Y 2d 445, 454; *Matter of Syosset Holding Corp.* v. *Schlimm,* 4 A D 2d 766.) '' The petitioners further contend that the members of the Board of Appeals, in arriving at their determination, must be guided by the testimony of the witnesses called before them and, if they choose to act on information or knowledge acquired otherwise, such

undisclosed facts must be set forth in their return. Obviously, in aid of intelligent review on appeal, that must be so." (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39, 47, *supra.*)

However, there is nothing in the return to support a finding of hardship.

Zoning laws are intended to bring about conformity with a chosen standard. In *Matter of Harbison* v. *City of Buffalo* (4 N Y 2d 553, 559–560) the Court of Appeals has very recently said: " the policy of zoning embraces the concept of the ultimate elimination of nonconforming uses, and thus the courts favor reasonable restriction of them."

The board exceeded its power and authority, and its determination should be annulled and the matter remitted to the board for further proceedings not inconsistent with this opinion.

All concur. Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed and determination of the Board of Zoning Appeals annulled, without costs of this appeal to any party, and matter remitted to the Board of Zoning Appeals for further proceedings not inconsistent with the opinion.