Marcus G. Christ, J.
In this action the plaintiffs seek a judgment declaring their right to use their land located in the Village of Bo sly n for apartment house purposes. Plaintiffs’ land is situated on the westerly side of Main Street about opposite the point at which East Broadway intersects the easterly side of Main Street and terminates. The land has an over-all area of approximately 7 acres and has frontage along the westerly side of Main Street. Approximately 200 feet of such frontage lies to the south of the Main Street-East Broadway intersection and the remaining 50 feet of frontage lies north of such intersection. The entire parcel of 7 acres is irregular in shape with varying depths back from the Main Street frontage ranging up to about 500 feet.
The plaintiffs acquired title to this parcel of land in 1945. At that time, as it had been since the adoption of the original zoning ordinance in 1932, this land was divided into two use districts. The Main Street frontage to a depth of 150 feet was classified as a Besidence B District in which one-family resi *240 dences were permitted. The balance of the parcel back of such frontage was classified as an Apartment District. Concededly, under this pattern of zoning 6/7ths of plaintiffs’ land was zoned for apartment house use and l/7th thereof, abutting the westerly side of Main Street, was zoned for one-family residential use.
Pursuant to stipulation, the court viewed the plaintiffs ’ property and the surrounding area in the presence of counsel for both sides. In respect of its physical contours, plaintiffs’ land possesses certain distinctive aspects. After the initial depth of 150 feet along the Main Street frontage, the property rises with increasing steepness. This severe rise reaches its summit and ends at the rear of plaintiffs’ property. There on relatively level land there is a large apartment house development extending to the west and northwest of plaintiffs’ property. The land situated on the easterly side of Main Street, south of the intersection of Main Street and East Broadway and across the street from plaintiffs’ property, has been developed with a group of apartment house buildings. The arrangement of such group of buildings is such that it faces, generally, on the southerly side of East Broadway. The site upon which these buildings have been erected is similar in contour to plaintiffs ’ property in that its low point is along the East Broadway frontage with an increasingly steep rise as it extends back in a southerly direction. Adjoining plaintiffs’ property on the south is other land with frontage along the westerly side of Main Street which has been developed with a group of apartment house buildings. This land, like plaintiffs’, has its low point along the Main Street frontage and rises sharply as it extends in a westerly direction to the rear.
At one time plaintiffs owned land at the rear of their property, and on top of the rise with frontage on Edwards Street which is a highway providing access to the apartment development lying to the west and northwest of plaintiffs ’ land. This frontage the plaintiffs sold and thereafter acquired a 30-foot strip of land with frontage on Edwards Street which provides a means of reaching the rear of plaintiffs’ main parcel.
In 1954 the plaintiffs applied to the Board of Appeals of the Village of Roslyn for a variance to permit them to extend the apartment house use classification applicable to 6/7ths of their property to the remaining l/7th of their property represented by the Main Street frontage which was then zoned to a depth of 150 feet for one-family residential use. That application was granted by the Board of Appeals on October 13, 1954. It is admitted that no time limitation was imposed,' either by the terms of the resolution adopted by the Board of Appeals or *241 by any provision contained in the zoning ordinance, on the plaintiffs’ exercise of the rights granted to the plaintiffs by the favorable action taken by the Board of Appeals on plaintiffs’ application for a variance. It is urged by the defendants that the granting of the variance in October, 1954 was without force and effect and several grounds are asserted to establish the invalidity of the determination made by the Board of Appeals at that time. The admitted fact is, however, that no one sought to review the granting of the variance. The right to challenge the determination of the Board of Appeals was not one reserved exclusively to private property owners; it was a right enuring to the benefit of the Board of Trustees and to any officer, department or bureau of the Village of Roslyn (Village Law, § 179-b; Matter of Fox v. Adams, 206 Misc. 236; cf. Town of Greece v. Smith, 256 App. Div. 886). Not having chosen to utilize the statutory right of review within the time prescribed • for that purpose the Board of Trustees cannot now be heard to assert for the first time that the action taken by the Board of Appeals in 1954 was invalid.
From October 13,1954 when the afore-mentioned variance was granted until April 16, 1956 the village authorities took no action in respect of the zoning status of plaintiffs’ property. On the last-mentioned date the plaintiffs submitted to the Building Inspector an application for a permit to construct an apartment house on plaintiffs’ premises, including the portion as to which the Board of Appeals had granted the variance in 1954. The Building Inspector refused to entertain the application, returned such application and notified the plaintiffs that the Board of Trustees considered the 1954 variance invalid. Thereafter, this action was commenced by service of the original complaint which then included only what is now set forth in the amended complaint as the first cause of action. The relief sought in such original complaint was a judgment declaring that the denial of plaintiffs’ application for a building permit was illegal, unconstitutional and void because it 1 ‘ prohibited the plaintiffs from building upon or using their property pursuant to, or otherwise exercising the rights duly vested in them ”.
After this action had been commenced under the original complaint on or about June 3, 1957, the Board of Trustees enacted an amendment to the zoning ordinance and the zoning map on July 1, 1957. That amendment reclassified 6/7ths of plaintiffs’ property from an Apartment District, the classification it had held for approximately 25 years, to a Residence B District in which one-family dwellings were permitted. Thus, by this amendment, the only-family residential classification, *242 which at no time since the inception of zoning in 1932 had ever applied to more than l/7th of plaintiffs’ property, was extended to encompass the entire area of seven acres.
The complaint was thereafter amended to set forth a second cause of action in which the relief sought is a judgment declaring the invalidity of the rezoning of plaintiffs’ property insofar as “it attempts to prohibit the use by plaintiffs of the premises described [in the amended complaint], for the erection of multiple dwellings, by unreasonable and arbitrary restrictions which are burdensome and confiscatory in their operation and prohibits the use of plaintiffs’ premises for any use to which the same are reasonably adapted ’ ’.
With respect to the first cause of action set forth in the amended complaint, the court finds that the plaintiffs are not entitled to recover thereon. When the application for a building permit was rejected by the Building Inspector the correctness of his determination was open to review by timely steps taken pursuant to the statutory scheme of review (Village Law, § 179-b). This the plaintiffs failed to do within the time allowed. They cannot evade the effect of that time limitation by bringing an action for a declaratory judgment in which the relief sought is substantially the same as that which would have been sought in the statutory review proceeding (Colodney v. New York Coffee Exch., 4 A D 2d 137).
There is left, however, the second cause of action set forth in the amended complaint. Without analyzing in detail the evidence presented by the parties upon the trial, the proofs and admissions in the pleadings establish the facts hereinafter recited and by the court found to exist.
Main Street on which plaintiffs’ property fronts for a distance of approximately 250 feet is a main cross-island traffic artery with a present width of 60 feet. In the entire distance between plaintiffs’ property and old Northern Boulevard to the north there has been little, if any, one-family residential development during the entire period since the zoning ordinance was introduced in 1932. What development there has been along Main Street has been for multiple residence and business uses. This process has involved construction of new buildings and conversion of structures which were formerly one-family residences.
Prior to the amendment of the zoning ordinance which cast all of plaintiffs ’ property into a use classification restricted to one-family dwellings, lands adjacent on three sides have been developed with apartment house structures. In the case of the apartment house groups directly across Main Street and those adjoining plaintiffs’ property on the south, the configuration *243 of the terrain is closely akin to that found on plaintiffs’ land. Adjoining the rear of plaintiffs’ property and on high, relatively level ground the land lying to the west and northwest has been extensively developed with apartment house groupings.
The bulk of plaintiffs’ property, comprising approximately six acres, is unfit for single-family residence use. This is established from the proofs upon the trial and abundantly confirmed from an actual inspection of the premises. Were the property as a whole to be improved with an apartment house development, adequate and suitable access to a public highway could be provided by means of the frontage on Main Street. It would be physically impossible to construct a road to provide access to and adequately serve a residential development on plaintiffs’ seven-acre tract. This fact is not altered by the existence of the strip of land having frontage on Edwards Street and over which entry may be made to the rear of plaintiffs’ property.
On all the facts presented the court reaches the conclusion that, by reason of its topography, its location in juxtaposition to apartment house developments on three sides and the absence of one-family residential development along Main Street frontage during the entire period the zoning ordinance has been in force, the placing of plaintiffs’ property in a Residence B District constituted an arbitrary and unreasonable exercise of the zoning power which precludes the plaintiffs from using their property for any purpose for which it is reasonably adapted. Such an exercise of the zoning power in its impact on the plaintiffs’ property bears no reasonable relation to the public health, morals, safety and general welfare of the village nor can it be found to be an exercise of power in accordance with a comprehensive plan designed to accomplish such legitimate objectives.
As to the first cause of action, the defendants’ motion for judgment dismissing such cause of action, upon which the court reserved decision, is granted for the reasons hereinbefore stated. The plaintiffs are entitled, however, to judgment declaring (1) that the zoning ordinance, as amended, is invalid insofar as it purports to restrict the use of plaintiffs’ property to the uses permitted in'a Residence B District; (2) that the determination made by the Board of Appeals on October 13, 1954 by which a variance was granted permitting the use of all of plaintiffs’ property for uses permitted in an Apartment District was and is a valid determination; and (3) that plaintiffs’ premises and the whole thereof as described in the amended complaint may be used for purposes permitted in an Apartment District. The plaintiffs are further entitled to judgment on their second cause of action restraining and enjoining the defendants and their *244 successors in office from enforcing the provisions of‘the zoning ordinance, as amended, insofar as it prohibits the use of plaintiffs’ premises for purposes permitted in an Apartment District. The court makes no award of costs to either the plaintiffs or the defendants.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.