John G. Tarrant et al., Respondents, *v.* Incorporated Village of Roslyn et al., Appellants.

Second Department, February 23, 1960.

*Clarence E. Steinberg* for appellants.

*Jules Martin* (*C. Ellis Schiffmacher* and *Howard A. Rochford* of counsel), for respondents.

*Per Curiam.* Respondents own a parcel of real property, comprising about 7 acres, in the Village of Roslyn. The property is irregular in shape, having a frontage of about 250 feet on Main Street and varying in depth to about 500 feet. After the initial depth of 150 feet on Main Street, the property rises with increasing steepness, reaching its summit at the rear. When respondents acquired the property in 1945, the land was divided into two use districts and had been so divided since the adoption of the original zoning ordinance in 1932. The Main Street frontage to a depth of 150 feet was zoned in a residence " B " district, where apartment houses were not permitted; the balance was in an apartment district. In October, 1954 the Village Board of Appeals, on respondents' application, granted a variance so as to extend the apartment district use to the portion of their property situated in the residence " B " district. No time limitation was imposed, either in the resolution granting the variance or by any provision of the zoning ordinance, on respondents' exercise of the rights granted, and no effort was made by anyone to review the determination granting the variance. In 1956 the Village Building Inspector rejected respondents' application for a permit to construct an apartment house on the premises, on the ground that the Village Board of Trustees considered the 1954 variance invalid. In 1957 the zoning ordinance and zoning map were amended so as to place in a residence " B " district the portion of respondents' property originally zoned in the apartment district.

The Special Term held that, since the action of the Board of Appeals had not been reviewed within the time and in the manner prescribed by section 179-b of the Village Law, appellants could not be heard to assert for the first time, in this action, that the determination of the Board of Appeals was invalid. The Special Term also held, after viewing the premises pursuant

to stipulation of the parties and on consideration of the proof, that the bulk of the property was unfit for single-family residence use and that the placing thereof in a residence " B " district constituted an arbitrary and unreasonable exercise of the zoning power which precluded respondents from using their property for any purpose for which it was reasonably adapted.

We agree with the learned Special Term that appellants may not, in this action, question the granting of the 1954 variance. The Board of Appeals had jurisdiction to grant the variance (Village of Roslyn Bldg. Zoning Ordinance of 1932, art. X, § 3, subd. m; cf. *Matter of Sanders* v. *Davidson*, 258 App. Div. 1058, affd. 284 N. Y. 780; *Roosevelt Field* v. *Town of North Hempstead*, 277 App. Div. 889), and its determination was reviewable by a proceeding pursuant to article 78 of the Civil Practice Act brought, as provided in section 179-b of the Village Law, within 30 days after the filing of the decision in the office of the Village Clerk. That statute provided a remedy which was complete, adequate and exclusive. Appellants failed to avail themselves of that remedy, and the time within which they might have applied for an order in such a proceeding has long since passed. Consequently, the propriety of the determination by the Board of Appeals may not be questioned, and it must be conclusively presumed, in this action, that the board acted according to law. (Cf. *Matter of Beckmann* v. *Talbot*, 278 N. Y. 146, 149–150, 152; *Siegel* v. *Lassiter*, 6 A D 2d 879, motion for leave to appeal denied 5 N Y 2d 709.)

We are also of the opinion that there is ample proof in the record to sustain the determination of the Special Term that the property rezoned from an apartment district to a residence " B " district was unfit for one-family residential use. When respondents established that fact, they met the burden of showing that the 1957 amendment, as it pertained to their property, was so unreasonable and arbitrary as to constitute an invasion of property rights contrary to constitutional due process and, as such, was invalid, illegal and void. (Cf. *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 498–499.)

The judgment insofar as appealed from should be affirmed, with costs.

Present — NOLAN, P. J., BELDOCK, UGHETTA, KLEINFELD and BRENNAN, JJ.

Judgment insofar as appealed from unanimously affirmed, with costs.