■ In the Matter of Frances Satin et al., Appellants, v. Board of Standards and Appeals of the City of New York, Respondent, and 968 Ocean Parkway Realty Corporation et al., Intervenors-Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the Board of Standards and Appeals of the City of New York, granting to the intervenors a variance of the city's Zoning Resolution, the petitioners appeal from an order of the Supreme Court, Kings County, dated July 11, 1960, which denies their motion to annul the determination, and which grants the cross motion of the board to dismiss the petition. The board's cross motion, returnable on May 19, 1960, was an application for alternative relief: (1) either to dismiss the petition pursuant to section 1293 of the Civil Practice Act, on the ground that the petition on its face was untimely because it had not been presented within the time specified by section 668e–1.0 of the Administrative Code of the City of New York; or (2) to extend the board's time to answer for 90 days after service of a copy of the order denying its motion to dismiss. Order reversed, without costs, the board's cross motion to dismiss the petition denied, and the board's cross motion to extend its time to serve its answer to the petition granted by extending its time for a period of 90 days after service of a copy of the order to be entered hereon. Subdivision e of section 668 of the New York City Charter provides that a determination by the board "may be reviewed by certiorari as provided by law." This section is supplemented by section 668e–1.0 of the Administrative Code of the City of New York, which provides that: "Any person * * * aggrieved * * * may present to the supreme court a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition must be presented to a justice of the supreme court or at a special term of the supreme court within thirty days after the filing of the decision in the office of the board, or its publication in the bulletin." The board's determination was made on April 5, 1960; it was published in its bulletin on April 14, 1960; and it was filed in its office on April 15, 1960. This article 78 proceeding to review its determination was instituted by the service upon it on May 9, 1960, of a copy of the petition and notice of motion, returnable on May 19, 1960, at Special Term, Part I, Kings County Supreme Court. In accordance with the rules of the court, a note of issue to add the proceeding to the calendar of said Special Term for the date of May 19, 1960, was filed on May 9, 1960, in the office of the Clerk of said Special Term. At the time that the note of issue was filed, the petitioners' attorney presented for filing to the Clerk of said Special Term the original petition and notice of motion, together with due proof of service; but he refused to accept them. On the following day, May 10, 1960, the petition and notice of motion, together with proof of service were filed in the office of the Clerk of the court. All of the petitioners' acts afore-mentioned were performed within the 30-day period following the date of publication of the board's decision in the bulletin. If it be assumed *arguendo* that the mere service of the petition and notice of motion within the 30-day period after the publication of the board's determination was not a presentation of the petition at a Special Term of the Supreme Court within the fair sense of section 668e–1.0 of the Administrative Code of the City of New York (but. cf. *Matter of Barns v. Osborne*, 286 N. Y. 403; Civ. Prac. Act, §§ 113, 1286), nevertheless when, within the time limitation prescribed by that section, the petitioners performed all of the acts heretofore set forth in an attempt to invoke the jurisdiction of the Special Term

in accordance with the statutory provisions and rules regulating the practice concerning motions and special proceedings, the petition must be deemed to have been presented at a Special Term of the Supreme Court in the fair sense of said section of the Administrative Code (*Matter of Kohnberg* v. *Murdock*, 4 A D 2d 750; *Matter of Lake Mahopac Hgts. v. Zoning Bd. of Appeals*, 278 App. Div. 779; see, e.g., *Matter of Barns* v. *Osborne, supra*; *Matter of North Amer. Holding Corp.* v. *Murdock*, 6 A D 2d 596, 598, affd. 6 N Y 2d 902). Nolan, P J., Beldock, Christ, Pette and Brennan, JJ., concur.