Joseph A. Suozzi, J.
This is an action against the Building Inspector of the Town of Hempstead and the Hillside Baptist Church for judgment declaring that the issuance of a building permit to the defendant church was illegal and void, and for injunctive relief preventing defendant from erecting and maintaining any building on the premises which does not conform with the Building Zone Ordinance and particularly with the setback restrictions of said ordinance. [See, also, 12 A D 2d 945.]
*849 The proof revealed that the Franklin Hook & Ladder Company of Munson maintained a firehouse on the premises now owned by defendant Hillside Baptist Church for some time prior to the enactment of the zoning ordinance in 1930. This firehouse extended to the front property line on Hempstead Turnpike and continued to be maintained as a nonconforming structure after the ordinance was enacted in 1930 containing a 10-foot setback requirement. In October, 1959 the Hook & Ladder Company sold the premises to the defendant church, having moved out about one month previously. In November, 1959 the church applied for and received a permit from the defendant Building Inspector to remodel the building; this included erecting a second story over the front portion of the existing structure. The plaintiffs, owners of the premises adjoining the church on each side, lodged a complaint with the Building Department when construction commenced, as a result of which the work was stopped by order of the Building Department. No appeal was taken by the plaintiffs herein as aggrieved parties to the Board of Appeals (Town Law, § 267, subd. 2). Subsequently, upon an opinion of the Town Attorney that the proposed alteration was permissible, the suspension order was rescinded and construction resumed. This action was not commenced until the alteration was completed.
The court has viewed the site with permission of the parties and noted that the area is commercially developed. The addition to the church consisted of erecting a peaked roof second story over the existing masonry structure, part of which protruded beyond the 10-foot setback line. The general appearance of the area was not materially affected by the change. If anything, it was enhanced. Plaintiffs’ claim that the view of their premises to approaching motorists and pedestrians was hampered by the vertical addition to the church is unfounded. The court failed to find any basis for this claim when the site was examined.
Plaintiffs contend that the permit was unlawfully issued and should therefore be adjudged void. The basis for this claim is the proposition that a nonconforming use cannot be preserved if the premises are to be used for a different purpose than the one that existed at the time the ordinance was enacted. This appears to be the crux of plaintiffs’ case.
Assuming, arguendo, that the firehouse use was nonconforming, the court would be compelled to find that, pursuant to the applicable ordinances, defendant was within his rights in issuing a permit for a church use. Section E-l.l of the Zoning Ordinance states: “ Any use existing in any building at the effective *850 date of this ordinance and not conforming * * * may he continued therein. Also such non-conforming use may be changed to another use which is allowed in the district to which the existing non-conforming use belongs, provided it is determined by the Board of Appeals that it is no more harmful in character.” Section Gr-13.0 of article 14 of the Building Zone Ordinance provides, in part: “ A non-conforming use of a building may be changed to a use of the same or higher classification according to the provisions of this Ordinance ’ ’.
We turn now to the question of whether injunctive relief may be granted because defendant permitted a vertical addition to be erected above that portion of the structure that violated the setback provisions of the ordinance.
We have a case here where plaintiffs were in a position to observe every stage of construction as it progressed, and yet did not even commence this action until the work had been completed. Plaintiffs’ laches permitted defendant church to change its position so substantially that any judgment requiring it to undo the work now would be inequitable under the circumstances. (Finn v. Morgan Is. Estates, 283 App. Div. 1105; University Gardens Property Owners Assn. v. Schultz, 272 App. Div. 949.) In the latter case the Appellate Division, reversing the trial court, held that injunctive relief was improper because 1‘ Respondent was slow to invoke the process of the court to preserve the status quo. Its failure to apply to the court to enjoin the continuance of construction of the building from the time that it knew such construction had commenced until the trial of the action, during which period the building was completed at considerable cost to appellant, was an inexcusable delay which will not be countenanced in an action for such injunctive relief.”
In the Finn case (supra) the Appellate Division again held that equitable relief should be denied because construction of the chapel in question, although violative of the applicable restrictive covenants, was 70% complete at the time the action was commenced. It has been noted previously that the plaintiffs herein did not commence any action until the addition to the existing building had been completed.
Moreover, as the plaintiffs could have appealed to the Board of Appeals (Town Law, § 267, subd. 2; Badano v. Town of Huntington, 281 App. Div. 682) and could have brought a proceeding pursuant to article 78 of the Civil Practice Act to review the determination of that body (Matter of Gerling v. Board of Zoning Appeals of Town of Clay, 11 Misc 2d 84) they may not enlarge their time to question the propriety of the permit *851 by an action for declaratory judgment (Colodney v. New York Coffee & Sugar Exch., 4 A D 2d 137, affd. 4 N Y 2d 698; Tarrant v. Incorporated Vil. of Roslyn, 19 Misc 2d 238, 242, affd. 10 A D 2d 37, affd. 8 N Y 2d 1129).
Furthermore, aside from the bare assertion that the view of their premises was obstructed by the vertical addition to the church, plaintiffs have failed to prove to the satisfaction of this court that any special pecuniary damage was or would be suffered by them. Such proof is a prerequisite of success in an action for injunction. (Marcus v. Village of Mamaroneck, 283 N. Y. 325; Rogers v. Association for Help of Retarded Children, 281 App. Div. 978.)
For all of the reasons stated, the complaint will be dismissed, without costs.
While the complaint has been dismissed, the observation may be made that the extension of a nonconforming structure or use may not be granted by a Building Inspector. The Board of Appeals on proof of practical difficulties or unnecessary hardship could grant an extension (Matter of Chandler v. Corbett, 274 App. Div. 1073; Matter of Karl v. McKenzie, 10 A D 2d 865) but the church could not ‘£ 1 enlarge that use as a matter of right ’ * * * Were that not so, zoning laws would, in effect, be
rendered nugatory and nonconforming parcels, as a result, would assume great values —£ a premium would then be the reward for violating the law ’ (Matter of Pisicchio v. Board of Appeals, 165 Misc. 156, 157).” (Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 42.)
However, as previously stated, the plaintiffs did not act promptly to redress their grievances, and they have shown no damage.