■ In the Matter of WALTER M. EBERHART, JR., et al., Respondents, v. LA PILAR REALTY CO., INC., Appellant, and SAMUEL L. BECKER et al., Respondents.— Order, Supreme Court, New York County, entered January 23, 1974, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, respondent-appellant's motion to dismiss granted, and the petition dismissed. Respondent-appellant, constructors of an apartment building, had applied to respondent Board of Standards and Appeals for a variance in respect of required rear yard set-backs, of which application petitioners-respondents, as adjoining property owners, were duly notified. They appeared before the board and objected. The board granted the variance on March 30, 1971. Petitioners initiated an article 78 proceeding, resulting on June 9, 1972 in remand to the board, which, on October 24, 1972 held a hearing and amended its prior resolution to require compliance with certain drawings filed in September. Neither notice of the hearing nor a copy of the amended resolution was furnished petitioners; the resolution was, however, published in the board's bulletin a week after its adoption. Work resumed on the project in accordance with the amended resolution, resulting in expenditure of large sums of money. On August 22, 1973 a new article 78 proceeding seeking to stop

the work was instituted; respondent-appellant moved to dismiss as untimely, i.e., later than the 30 days allowable for appeal after filing of the board's amendment (Administrative Code of the City of New York, § 668e–1.0). In opposition, petitioners claimed they had only recently heard of the amended resolution by inquiry at the building department and had acted at once on receiving the information, and that the variance had violated the court's prior order of remand to the board. Special Term denied the motion to dismiss and granted the petition to the extent of staying further construction, which stay was vacated by this court. As to the argument of alleged violation of the court's prior order, the question of timeliness cannot be begged by an endeavor to argue the case on the merits. We hold that respondent-appellant had no obligation, legal, moral, or otherwise to continue to inform petitioners of the proceedings before the board. Having secured the remand, it was up to petitioners to keep themselves advised of the proceedings thereunder. Further, this was one ongoing proceeding from the institution of the earlier article 78 application right down to the published amended resolution without requirement of notice at each step. In addition, were petitioners alert, they would have observed the building permit and the continuing construction, obviously indicating the expenditure of much additional money. Not alone was the instant application made untimely, the time to appeal from the board's amended resolution having long since expired (§ 668e–1.0), but petitioners slept on their rights for the greater part of a year, to the detriment of respondent-appellant. Dismissal is mandated because of laches. Concur — Markewich, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.