ALEXANDER ZELENSKI et al., Appellants, v INCORPORATED VILLAGE OF PATCHOGUE et al., Respondents, et al., Defendant.—In an action, *inter alia,* to declare that a certain variance granted by the defendant zoning board of

appeals of the Incorporated Village of Patchogue is null and void, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, entered October 23, 1975, as dismissed their first and third causes of action. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements jointly to defendants appearing separately and filing separate briefs. In 1971, defendants Davidow and Rimland, former owners of the subject property, applied for a variance with respect to the number of parking stalls needed for a planned office building. A public hearing on their application was scheduled for November 17, 1971, but was rescheduled by the defendant zoning board of appeals, to December 1, 1971 by reason of the fact that the applicants had neglected to send notices to nearby property owners as required by an ordinance of the defendant village (Incorporated Vil. of Patchogue, Zoning Ordinance, § 93-48). On December 1, 1971 the zoning board of appeals reconvened and the applicants for the variance were heard. It was determined, however, that the applicants had not yet given the required notice to *all* neighboring property owners, and the hearing was adjourned until December 15, 1971 so as to permit such notice to be given. Although there is no allegation by plaintiffs that notice was not received, they do question whether a hearing ever took place on December 15, 1971. In any event, on January 5, 1972, the zoning board of appeals unanimously approved the application for a variance; its decision was filed with the village clerk on January 28, 1972. An office building was subsequently constructed on the property in question. On January 18, 1973 a certificate of occupancy issued. The subject building has been, and currently is, rented to the State of New York as an unemployment office. On May 23, 1975, more than three years after the variance was granted, and more than two years after the certificate of occupancy issued, the instant action was commenced by plaintiffs, the owners of neighboring properties. Plaintiffs seek, *inter alia,* a judicial declaration that the variance granted to defendants Davidow and Rimland is void, and seek to nullify the certificate of occupancy issued for the office building on the subject parcel. Under the circumstances, Special Term properly dismissed plaintiffs' first cause of action on the ground that it was time-barred by reason of their failure to commence an article 78 proceeding within 30 days after the filing of the board's decision in the office of the village clerk (see Village Law, § 7-712, subd 3; *Tarrant v Incorporated Vil. of Roslyn,* 19 Misc 2d 238, affd 10 AD2d 37, affd 8 NY2d 1129). It also appears that plaintiffs are guilty of laches (see *Matter of Eberhart v La Pilar Realty Co.,* 45 AD2d 679; see, also, *Ufier v Baldwin,* 33 Misc 2d 848). There is no merit to plaintiffs' position that the decision of the zoning board of appeals was a nullity and hence could be attacked at any time. The notice requirement relied on by plaintiffs is not "jurisdictional" in the sense in which plaintiffs seek to use that term (see *Matter of Sarah Lawrence Coll. v City Council of City of Yonkers,* 48 AD2d 897; see, also, *Matter of Gerling v Board of Zoning Appeals of Town of Clay,* 11 Misc 2d 84, revd on other grounds, 6 AD2d 247). Plaintiffs' contention that the board could not adjourn the December 1 hearing because it lacked any jurisdiction is overly technical. Adoption of such a view would mean that the board would have to require reinitiation of the application, and could not, as it did here, simply continue its proceedings in order to permit intervention by interested parties. We reject such a position as one which elevates form over substance. In any event, the record indicates that plaintiffs were indeed given notice. They do not deny that they received notice; nor do they allege that they sought to oppose the application, only to find that there was no hearing on December 15, 1971.

The purpose of the notice requirement was therefore satisfied as the plaintiffs could have opposed the application had they been so inclined (see *Matter of Gerling v Board of Zoning Appeals of Town of Clay, supra).* Plaintiffs' third cause of action, based on alleged fraud and misrepresentation, was also properly dismissed. A cause of action cannot be predicated solely on mere conclusory statements unsupported by factual allegations *(Taylor v State of New York,* 36 AD2d 878; *Kalmanash v Smith,* 291 NY 142). Plaintiffs have failed to make any factual allegations to show the precise nature of their alleged reliance. Nor is there any allegation that plaintiffs were within the scope of those who had a right to, or were intended to, rely upon the alleged misrepresentations to the defendant zoning board of appeals (see 24 NY Jur, Fraud and Deceit, § 200). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.