■ In the Matter of ANTHONY J. BOSICO et al., Appellants, v RAPHAEL MERTZEL, as Mayor of the Village of Haverstraw, et al., Respondents.—In a proceeding pursuant to CPLR article 78, which Special Term converted into an action to declare the acts of the respondents, in adopting two zoning changes, null and void, petitioners appeal from a judgment of the Supreme Court, Rockland County, entered April 13, 1978, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, and it is declared that the acts of the respondents in adopting the two zoning changes in question are null and void. The record indicates that the applicants who sought the zoning changes were not the owners of the properties in question. Furthermore, the record is devoid of any indication that the applicants were authorized to seek the zoning changes. Under such circumstances, the village board of trustees did not have jurisdiction to entertain the applications (see *Matter of Hoerner v Tormey,* 24 AD2d 597). Suozzi, J. P., O'Connor and Gulotta, JJ., concur.

Lazer, J., dissents and votes to affirm the judgment, with the following memorandum: Two trustees of the Village of Haverstraw have appealed from a judgment dismissing their article 78 proceeding to rescind two

rezoning enactments by the board of trustees of the village which reclassified certain property to an R-3 district in order to accommodate a senior citizens housing project. The majority of this court is voting to reverse the judgment on the ground that the rezoning applicants did not establish that they were the owners of the property in issue. I believe there should be an affirmance. When the zoning amendments in issue were before the board of trustees, the petitioners voted in favor of one of the rezonings and against the other. Suing in their capacity as trustees, they now seek invalidation of both zoning changes. In converting the article 78 proceeding to a declaratory judgment action, Special Term determined that petitioners lacked standing to attack the one they had opposed. Special Term concluded, however, that neither enactment was defective in any respect and it dismissed the petition. I have no difficulty in concluding that the enactments are valid despite the numerous alleged procedural flaws to which the petitioners point, although affirmance is required on a more limited ground. Not only is the specious proof of ownership issue relied upon by the majority not properly before us because it was not raised below (see *Moses v Woodbury,* 54 AD2d 961; *Matter of Glazer v Hankin,* 50 AD2d 924), but affirmance is mandated because the petitioning trustees qua trustees lacked standing to bring this law suit. Prior to the 1972 revision of the Village Law (L 1972, ch 892, § 1) no problem of standing could have precluded these petitioners from attacking the zoning amendments in a legal forum. Until the revision, section 179-b of the Village Law provided that "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, ·department, board or bureau of the village, may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice law and rules." In *Tarrant v Incorporated Vil. of Roslyn* (19 Misc 2d 238, 241, affd 10 AD2d 37, affd 8 NY2d 1129), the quoted language was interpreted by Special Term to permit any village officer to attack a village determination, the court declaring that "The right to challenge the determination of the Board of Appeals was not one reserved exclusively to private property owners; it was a right enuring to the benefit of * * * any officer * * * of the Village * * * (Village Law § 179-b; *Matter of Fox v. Adams,* 206 Misc. 236; cf. *Town of Greece v. Smith,* 256 App. Div. 886)." In *Matter of Bachety v Volz* (65 Misc 2d 176, affd 39 AD2d 842) almost identical language in subdivision 7 of section 267 of the Town Law was construed as furnishing standing to a town councilwoman who sought to annul a determination of the Babylon Zoning Board of Appeals. But subdivision 3 of section 7-712 of the Village Law—which replaced section 179-b in 1972—provides that "Any officer, department, board or bureau of the village, *with the approval of the board of trustees* or any person or persons, jointly or severally aggrieved by any decision of the board of appeals may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice law and rules." (Emphasis supplied.) This language of the Legislature makes it quite apparent that a village officer may attack a determination of his village only with the permission of its board of trustees. It is a well-established principle of statutory construction that the courts must assume that by enacting an amendment to law the Legislature intends to effect some change in the existing law and to accomplish some useful purpose *(Mabie v Fuller,* 255 NY 194; *Matter of Blatnicky v Ciancimino,* 206 Misc 916, affd 1 AD2d 383, affd 2 NY2d 943). Such an amendment following a judicial interpretation strongly indicates that said interpretation did not correspond with legislative intent and a different interpretation should be made *(People ex rel. Makin v*

*Wilkins,* 22 AD2d 497). The unavoidable conclusion to be drawn from the repeal of section 179-b of the Village Law and the substituted language of subdivision 3 of section 7-712 is that the Legislature intended to prevent village officers, acting in their official capacity, from suing their villages unless authorized to do so by their village governing bodies. Since the instant petitioners had no such authority, they lacked the standing to challenge the zoning amendments in issue and the judgment of Special Term should be affirmed.