Philip B. Fogel, Esq. First Deputy Town Attorney, Clarkstown
You have asked several questions in relation to the conduct of a public hearing by a zoning board of appeals in a town. First, you ask whether a simple majority vote or some greater vote is necessary for a zoning board of appeals to reopen a public hearing on a matter before the board. According to your letter, the public hearing on this matter had previously been closed by vote of the board.
The general rule is that whenever three or more public officials are given any power or duty, a majority of the whole number of such persons constitutes a quorum and not less than a majority of the whole number may perform or exercise any such power or authority (General Construction Law, § 41). The words "whole number" for purposes of this provision mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting (ibid.). This provision applies to local governmental bodies except where there is a statutory provision providing some other voting requirement (1977 Op Atty Gen [Inf] 255). Thus, we believe that a majority vote of the whole membership (as defined above) of the zoning board of appeals is necessary in order to reopen a public hearing.
Your second question is whether the reopening of a public hearing previously closed requires public notice in accordance with section 267(5) of the Town Law, where the previous notice for the matter only included the adjourned hearing. Section 267(5) of the Town Law requires that a zoning board of appeals fix a reasonable time for the hearing of a matter referred to it and give public notice of the hearing by publication of notice in the official newspaper at least five days prior to the date of the hearing. In addition, at least five days before the hearing, notices must be mailed to the parties and to the regional state park commission having jurisdiction over any state park or parkway within 500 feet of the property affected by such appeal (ibid.). The object of notice is to apprise fairly the average citizen of the general purpose of the hearing.Reizel, Inc. v Exxon Corp., 42 A.D.2d 500, 504 (2d Dept, 1973); Matter ofGerling v Bd. of Zoning Appeals, 11 Misc.2d 84 (S Ct, Special Term, Onondaga Co, 1957), reversed on other grounds 6 A.D.2d 247 (4th Dept, 1958). By informing the people of the purpose of the hearing, the notice requirement facilitates attendance for those who have an interest in, or a desire to be heard upon the proposed administrative action (Matter ofGerling v Bd. of Zoning Appeals, supra).
Under the facts presented, public notice of a zoning board of appeals hearing scheduled for a single day was given in accordance with the provisions of the Town Law. The hearing was not completed on that day and more hearing days were required. We believe that due process requirements are met if those in attendance are informed prior to adjournment of the time and place of subsequent hearings. If the meeting is closed without such notification, but the identity of those who attended is known, it would be sufficient to give them reasonable notice of subsequent hearing days. However, if this cannot be done, we believe that new notice under section 267(5) of the Town Law would be necessary.
We conclude that action by a zoning board of appeals to reopen a public hearing is required to be taken by a majority vote of the whole number of such board. The reopening of a public hearing by a zoning board of appeals must be noticed in accordance with provisions of the Town Law.