OPINION OF THE COURT
Harold Baer, Jr., J.
On this CPLR article 78 proceeding, the petitioner, Caprice Homes, Ltd., seeks a judgment vacating the resolution of the Board of Standards and Appeals (BSA) dated April 26, 1989, *504 enjoining respondents from taking any further action as a result of the BSA resolution and directing the reissuance of the prior certificate of occupancy for the premises in question. The respondents cross-move to dismiss the petition pursuant to CPLR 3211 (a) (5) on the grounds that this proceeding is barred by the applicable Statute of Limitations.
Petitioner is the owner of the premises located at 158-01 Cross Island Parkway, Queens, New York. For years, the subject premises were maintained as a bar/restaurant and cabaret, a legal nonconforming use in a residential zone. This status was attained because this use antedated the enactment of the current Zoning Resolution.
On September 16, 1988, the Department of Buildings (DOB), the city agency primarily responsible for enforcing zoning resolutions, petitioned the BSA to amend the certificate of occupancy for the subject premises so as to revoke the nonconforming bar and cabaret use. DOB’s application was premised on its conclusion that the use had been abandoned for a continuous two-year period. Pursuant to New York City Zoning Resolution § 52-61, if the active operation of substantially all the nonconforming uses in any building is discontinued for a continuous period of two years, then such building shall thereafter be used only for a conforming use.
A hearing on the matter was held before the BSA. In the April 26, 1989 resolution that is the focus of this proceeding, the BSA determined that there had been a two-year period beginning in June 1984 during which the building had not been used as a bar/restaurant and cabaret. The DOB’s application was granted and, in effect, the location became bound by the prevailing residential zoning resolutions.
This proceeding was begun by petitioner in an effort to reverse the finding of the BSA and to reinstate petitioner’s right to lease the space in question as a watering hole. In fact, petitioner had signed a lease with a tenant that was anxious to proceed to conduct its bar business there. In this proceeding, petitioner vigorously and creatively contends that the decision of the BSA was arbitrary and capricious. This is, of course, a difficult standard to meet, but petitioner seeks to do so by a number of routes. First it offers documentary evidence. Petitioner presents copies of Consolidated Edison records, bills for services, letters from suppliers, affidavits of patrons and other items tending to show, petitioner argues, that the premises were open during a critical part of the two-year period of *505 supposed abandonment. Such evidence raises questions about whether the BSA decision was in error.
However, irrespective of the merits of petitioner’s claims, this court must consider the fundamental threshold objection raised by respondents in their cross motion to dismiss that this proceeding is time barred. As a general matter, CPLR 217 provides that a proceeding against an administrative body must be commenced within four months after the determination in question has become final and binding. This limitation, however, does not apply in instances in which "a shorter time is provided in the law authorizing the proceeding”. Section 25-207 (a) of the Administrative Code of the City of New York authorizes the institution of a proceeding to challenge a BSA decision. That section provides: "Any person or persons, jointly or severally aggrieved by any decision of the [BSA] upon appeal or review had under section six hundred sixty-six of the charter, or any agency of the city, or the board of standards and appeals of the labor department of the state, may present to the supreme court a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition must be presented to a justice of the supreme court or at a special term of the supreme court within thirty days after the filing of the decision in the office of the board, or its publication in the bulletin.”
The resolution in this case was filed in the BSA office on April 26, 1989 and published in the BSA bulletin on May 4, 1989. The 30-day period therefore expired on May 26, 1989. The petitioner filed the instant action on July 21, 1989, beyond the 30-day period.*
Petitioner seeks to escape what, on the face of things, seems its inevitable fate by arguing that the Statute of Limitations contained in the Administrative Code is not applicable to this action. Petitioner contends that the resolution of the BSA was not a decision "upon appeal or review” under section 666 of the New York City Charter and therefore this proceeding is not governed by Administrative Code § 25-207.
Petitioner argues that the BSA, unlike other zoning boards of appeal, has a variety of powers. Section 666 (7) of the Charter grants the BSA power to decide appeals from and to *506 review certain matters. Petitioner urges that the proceeding before the BSA was not brought under this subdivision but under subdivision (6), which applies to applications of the DOB. These two subdivisions provide, in pertinent part, that the BSA shall have the power:
"6. To determine and vary the application of the zoning resolution as may be provided in such resolution and pursuant to section six hundred sixty-eight.
”7. To hear and decide appeals from and review,
"(a) except as otherwise provided by law, any order, requirement, decision or determination of the commissioner of buildings or any borough superintendent of buildings acting under a written delegation of power from the commissioner of buildings filed in accordance with the provisions of subdivision (b) of section six hundred forty-five”.
The DOB, states petitioner, cannot change an existing certificate of occupancy; therefore, there was no decision to take on appeal and none for the BSA to review. The Statute of Limitations in Administrative Code §25-207 applies only to proceedings brought under subdivision (7). Thus, petitioner concludes, since this case did not involve an appeal or review, the CPLR article 78 proceeding is not time barred.
The city responds first that petitioner errs in claiming that the proceeding before the BSA was brought pursuant to subdivision (6) of section 666 of the Charter. That subdivision refers to section 668, which deals with procedures for the granting of variances and special permits, which are not at issue here. The city’s position seems to this court the better reading of subdivision (6). Had that subdivision merely granted power "[t]o determine and vary the application of the zoning resolution”, petitioner’s case would be a stronger one, but the addition of the other words appears to limit the subdivision to matters involving variances and special permits. The reference to section 668 is preceded by the word "and”, not "or”.
The city’s reading is complicated, however, by a fact not mentioned by either side to this controversy. The document that was being appealed to or reviewed by the BSA was the DOB’s application to modify certificate of occupancy. That document stated that the DOB was submitting the application pursuant to New York City Charter §§ 645 and 666 (6). The DOB is thus not in accord with the interpretation of section 666 presented by the Corporation Counsel. Notwithstanding *507 this, I believe the interpretation set forth above to be the accurate one. Of course, even if the proceeding below had been brought pursuant to subdivision (6), that does not mean that the Statute of Limitations in Administrative Code § 25-207 is inapplicable.
Petitioner claims that the action of the BSA was not authorized by subdivision (7) of section 666. That provision gives the BSA power ”[t]o hear and decide appeals from and review” certain matters. It is petitioner’s position that the proceeding below was not an appeal or a review. This court is not persuaded. It is true that the proceeding before the BSA was not an appeal in any normal sense of that word. It would certainly be an anomalous appeal in which the appellant is the agency that issued the decision in question. That does not mean, however, that the action of the BSA in cases such as this cannot properly be characterized as a review.
The DOB did not make a binding ruling on the issue before it. New York City Charter § 645 (b) (3) gives the DOB authority to issue certificates of occupancy. Once issued, however, those certificates cannot be freely modified by the DOB. Rather, New York City Charter § 645 (b) (3) (e), upon which the DOB also based it application to the BSA, provides that certificates of occupancy shall remain binding until vacated or modified by the BSA or a court "upon the application of the agency, department, commission, officer or member thereof seeking to make or issue such order, direction or requirement.” What happened here was that the DOB made a determination, based upon its own investigation of the facts of the case, to reverse its earlier conclusion, also based on an investigation and the submission of materials by petitioner’s lessee, that there had been no abandonment. The DOB reached a determination based on evidence, announced it to petitioner and proceeded to the BSA. Prior to proceeding to the BSA, the DOB afforded petitioner and its lessee a further opportunity to submit material bearing on the question. What the BSA did was to review that determination. It examined the DOB’s conclusions and the evidence on which it was based, considered petitioner’s views and reached a decision that the determination of the DOB should be enforced. It seems to me reasonable and consonant with the purposes of the City Charter in this area to refer to this process as a "review”.
Section 666 (7) of the Charter broadly indicates an intent that matters such as this should be reviewed by the BSA. It authorizes the BSA to "hear and decide appeals from and *508 review” certain matters. The fact that this subdivision contains the word "review” indicates that the BSA is doing in such instances something different from hearing and deciding appeals, otherwise the word "review” would be redundant. The subdivision provides for review of "any order, requirement, decision or determination” of the DOB. Although the DOB’s conclusion that there had been an abandonment may not have been an "order”, it can fairly be called a "determination” and therefore falls within the embrace of subdivision (7).
On the other hand, the petitioner’s position, if adopted, would give rise to certain problems. New York City Charter § 645 (b) (3) (e) clearly indicates that controversies about the modification of certificates of occupancy are to be heard first by the DOB and resolved definitively by the BSA. But if subdivision (6) of section 666 of the Charter does not apply to such cases, as the Corporation Counsel argues and as I believe, and if subdivision (7) does not authorize review by the BSA in these cases, as argued by petitioner, the BSA would lack jurisdiction over these cases. At the least, section 666, which purports to define the jurisdiction of the BSA, does not elsewhere grant the board the power to decide such questions. Such a result would seem inconsistent with the intention of the drafters of the Charter and with apparent long-standing custom. Would that not mean that the action of the BSA was a nullity? If so, petitioner should be here trying to obtain a review of the decision of the DOB. Petitioner has not so crafted its application.
Moreover, if petitioner is correct, cases such as this one would become exceptions to the Statute of Limitations contained in Administrative Code §25-207. It is not at all clear what sense it would make to have cases such as this governed by the general CPLR article 78 statute, while proceedings involving BSA appeals from orders of the DOB granting or denying certificates of occupancy and reviews of other DOB decisions would be controlled by Administrative Code § 25-207. If there is no reason of principle or administrative efficiency or some other nature to justify such a distinction, it should not lightly be supposed that the framers of these provisions intended such a result. It is much more reasonable to conclude from the regulatory scheme that the framers intended to require that these matters, which, in the vast scheme of litigation, are relatively minor in dimension, be resolved quickly and efficiently by subjecting them to the 30-day Statute of Limitations.
*509 In addition, even if the proceeding below were brought pursuant to New York City Charter § 666 (6), it would seem to be governed by the 30-day statute; or at least so one would conclude from zoning variances cases in which the predecessor of the statute has been applied. (Matter of Eberhart v La Pilar Realty Co., 45 AD2d 679 [1st Dept 1974]; Matter of Satin v Board of Stds. & Appeals, 12 AD2d 526 [2d Dept 1960].)
Petitioner argues as an alternative that the present proceeding should be considered a request under New York City Charter § 645 (b) (3) (e) to vacate or modify the certificate of occupancy issued after the challenged decision. That section, however, applies only in the case of applications brought by the agency or department seeking to make an order at variance with the existing certificate.
Counsel for petitioner has been resourceful in his presentation of arguments in the petitioner’s behalf and is to be commended for that. Nevertheless, I conclude that the motion to dismiss must be granted.

 Respondents contend that the 30-day period is calculated from the first of the two relevant acts, but even if that were not so, petitioner is not helped in this case.