(April 16, 1990)

■ SHLOMO ADAR et al., Appellants, v INCORPORATED VILLAGE OF LAKE SUCCESS, Respondent.—In an action, *inter alia,* for a judgment declaring unconstitutional Incorporated Village of Lake Success Code § 105-12, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Saladino, J.), entered July 21, 1988, which, *inter alia,* granted the defendant's motion for summary judgment, declared the challenged provision to be valid and enforceable, and further declared that the plaintiffs were in violation thereof.

Ordered that the order and judgment is affirmed, with costs.

We agree with the Supreme Court's determination that the zoning ordinance at issue, which requires that single-family

homes have garages capable of storing one automobile, is a valid and enforceable enactment *(see, Zilinsky v Zoning Bd. of Adj.,* 105 NJ 363, 521 A2d 841; *see generally,* 1 Anderson, New York Zoning Law and Practice § 9.47; 5 Rathkopf, Zoning and Planning § 58.01; Kemiec, Zoning and Planning Deskbook § 3.02 [6]; Annotation, *Zoning: Residential Off-Street Parking Requirements,* 71 ALR4th 529). Indeed, the provision is reasonably related to the legitimate governmental purposes of eliminating traffic congestion due to on-street parking *(see, Matter of Ballroom Prods. v Abrams,* 86 AD2d 661), and serves to enhance traffic safety by removing cars from the village's streets *(see,* Incorporated Village of Lake Success Code § 101-3). Accordingly, the village was authorized to enact the challenged provision (Village Law §§ 7-700, 7-704).

When appellants took title to the subject premises in August 1984 they were aware that the village authorities had lodged a notice of violation against the prior owners for converting the garage into a den without obtaining the required approval or permits. Before title passed to the appellants, and while the appellants and prior owners were under contract for the sale of the home, the prior owners, as contract vendors and on behalf of the appellants, applied to the Village Zoning Board of Appeals for a variance, and made various challenges to the garage requirement provision.

Following a public hearing, which took place after appellants had acquired title to the premises, the Village Zoning Board of Appeals denied the variance on December 18, 1984, concluding that there was no showing of "practical difficulties" which would justify its grant. The Board also determined that the garage requirement existed before the prior owners converted the garage into a den, and that by its plain language and intent, the then-existing requirement for "garaging" contemplated a structure capable of housing an automobile. The members of the Board, which had made a personal inspection of the premises, made a factual determination that, as the den could not house an automobile, the premises were physically not in compliance with the zoning ordinance. The Board further concluded that the premises were not legally nonconforming, as the conversion did not conform to the zoning regulation in existence at the time of the conversion. The Board also found that despite the issuance of notices of violation, neither a building permit nor a certificate of occupancy has ever been issued for the garage conversion.

The plaintiffs have never sought review pursuant to CPLR article 78 of the Board's determination. After a lapse of

almost three years following that determination, the plaintiffs commenced the instant action for a declaratory judgment.

We agree with the Supreme Court that the plaintiffs' contentions must be rejected on procedural grounds (see, *Tarrant v Incorporated Vil. of Roslyn,* 10 AD2d 37, *affd* 8 NY2d 1129; *Zelenski v Incorporated Vil. of Patchogue,* 51 AD2d 1055), and because the premises were neither legally nonconforming nor in compliance with the zoning ordinance. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.