THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUPPERT ROCK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUPPERT ROCK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUPPERT ROCK, JR., Appellant.— Defendants appeal from judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting them, on three informations, of the crime of assault in the third degree. Judgments reversed on the law, and the facts and informations dismissed. The evidence was insufficient to establish defendants' guilt beyond a reasonable doubt. Nolan, P. J., Johnston, Adel, Wenzel and Schmidt, JJ., concur.

DORITA RADANO, Respondent, v. TOWN OF HUNTINGTON, Appellant.— In an action to annul the revocation by defendant's building inspector of a building permit issued by him and for an injunction restraining defendant from interfering with construction in accordance with such permit, judgment for plaintiff reversed on the law, with costs, and complaint dismissed, with costs. Plaintiff's failure to pursue the remedy afforded under section 267 of the Town Law by way of appeal to the zoning board of appeals bars the maintenance of this action. (*Matter of Towers Man. Corp.* v. *Thatcher,* 271 N. Y. 94; *Matter of Rosenbush* v. *Keller,* 271 N. Y. 282.) The findings of fact are not approved. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

LORETTA RUFFINO et al., Respondents, v. JACOB H. WEBER, Appellant.— Action to recover damages for personal injuries by plaintiff Loretta Ruffino and companion action for expenses and loss of services by plaintiff husband Joseph Ruffino. Order denying motion to dismiss the complaint for failure to prosecute affirmed, without costs. No opinion. Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur.

SUNSET MOTORS, INC., Respondent, v. WILLIAM A. RETTMER, Appellant.— Judgment of the County Court, Suffolk County, insofar as appealed from, decreeing specific performance, modified on the facts by providing in the third ordering paragraph, after the direction to the plaintiff to pay defendant the purchase price of $10,000, the following: " plus interest at 4% from January 31, 1950, to the date of conveyance." As so modified the judgment is unanimously affirmed, without costs; title to close upon fifteen days' notice after service of order to be entered hereon with notice of entry. In the light of the undisputed fact that the plaintiff has been occupying the premises without payment of rent since February, 1950, the defendant is equitably entitled to interest on the purchase price from that time to the date of conveyance. Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ.