Frank H. Coyne, J.
This is a proceeding under article 78 of the Civil Practice Act, in the nature of mandamus, for an order directing the deputy building inspector (and acting building inspector) of the Town of Greenburgh to issue a certificate of occupancy. It appears that petitioner has appealed to the board of appeals from the action of the respondent building inspector in revoking the permit under which the subject building was enlarged, and for alternative relief. This appeal is pending before the board and will be heard shortly. It does *817 not appear, however, that petitioner has ever made application for a certificate of occupancy, either to the building inspector in the first instance, or to the board of appeals. Manifestly, on this state of the record, petitioner has not established a right to a peremptory order directing the issuance of the certificate of occupancy.
Both section 267 of the Town Law and the building zone ordinance itself specifically provide for an appeal to the board of appeals from any order or determination made by the administrative officer charged with the enforcement of the ordinance. Clearly, petitioner must exhaust the remedy afforded under the statute and under the provisions of the ordinance before recourse may be had to the court in a proceeding under article 78 of the Civil Practice Act. (Radano v. Town of Huntington, 281 App. Div. 682, affd. 305 N. Y. 911; Matter of Rosenbush v. Keller, 271 N. Y. 282; Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94.) Petitioner should forthwith apply to the building inspector for a certificate of occupancy, and upon his refusal to issue the same (such refusal is intimated), appeal should be taken to the board of appeals. Since the same underlying facts are decisive of both the appeal now pending, and the latter appeal here suggested, the entire matter may be determined by the board of appeals at the same hearing. If such determination is unfavorable to petitioner, a proceeding may be instituted to review the determination of the board of appeals. Proceeding dismissed, without costs. Settle order on notice.
Quite apart from the procedural disposition made herein, the court deems it appropriate to observe that the controversy appears to have resulted more from laxity on the part of the board of appeals than from any transgression on the part of petitioner. The record is barren of documentary evidence establishing the dimensions of the authorized building addition. Such dimensions are not specified in the petition initiating the application to the board (if any); are not stated in the minutes of the hearing on the application, except for a bare approximation by a representative of petitioner; and are not delineated in the decision of the board, or in the notification advising petitioner of the granting of the application. While the minutes of the hearing state that two members of the board ‘‘ asked to see the plans and checked the same ”, it is established that the plans were not submitted to the board prior to its determination, but were submitted to the building inspector over 15 months after the public hearing. Seemingly, orderly procedure required the preliminary submission of a layout or plot plan showing the dimensions of the proposed addition to the nonconforming *818 structure, and an explicit specification of the authorized addition in the decision of the board.
The addition has long since been erected (pursuant to a building permit issued by the building inspector on October 15,1953), and is presently occupied and used by petitioner in the conduct of its business. Under the peculiar circumstances, it would indeed be most unjust and oppressive to require the removal or alteration of the existing addition. In the view of this court, there is no warrant for the prosecution of the criminal proceedings now pending for alleged violations of the building zone ordinance.