Marcus G. Christ, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review a determination of the Town Board of the Town of Oyster Bay. Biltmore Beach Club, Inc., filed a petition on September 14, 1956 requesting permission to erect “ an addition to the existing structure for the purpose of recreation”. Such application was made under the provisions of subdivision (11) of section D-l of article VI of the Building Zone Ordinance which permits, in a “ D ” residence district, a “private club when authorized by the Town Board, as a special exception, after a public hearing ”. Following a public hearing held on October 2, 1956 the Town Board reserved decision on the application. On January 29, 1957 the Town Board adopted a resolution granting the application. The present proceeding seeks to have the court review and annul such determination.
The respondents claim that this proceeding may not be maintained because it was not instituted within 30 days after the filing of the decision in the office of the town clerk (Town Law, § 267, subd. 7). The petitioner admits that this proceeding was not commenced within such 30-day period, but contends that the 30-day limitation prescribed by subdivision 7 of section 267 applies to determinations of the Board of Appeals but not to those of the Town Board and that as to Town Board decisions *160 the four-month Statute of Limitations prescribed by section 1286 of the Civil Practice Act controls.
The court disagrees with the petitioner’s construction of subdivision 7 of section 267. That section gives the right of review by an article 78 proceeding to persons “ aggrieved by any decision of the board of appeals or any officer, department, hoard or bureau of the town ”. (Italics supplied.) It is clear from the language employed that the short Statute of Limitations applies to decisions other than those of the Board of Appeals. The use of the word “ board ” in addition to the words ‘ ‘ board of appeals ’ ’ emphasizes this fact. Petitioner urges that the heading of section 267 (“Board of Appeals ”) shows that only decisions of the Board of Appeals are intended to be covered. It does not necessarily follow that because the heading of section 267 is “ Board of Appeals ” the entire content of the section is restricted to that body. “ The headings of the various chapters or sections of an act, when inserted by the Legislature, are considered as a part of their respective chapters or sections and are construed accordingly. A section heading will not, however, be permitted in all cases to limit the effect of the section; for the words of a statute may be broader than the heading ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 130). In Matter of Firestone v. Town Board of the Town of Oyster Bay (134 N. Y. S. 2d 886) it was held that an article 78 proceeding brought to review the action of the Town Board of the Town of Oyster Bay in a zoning matter was barred because not commenced in compliance with subdivision 7 of section 267 of the Town Law. The petition is dismissed, without costs.
Settle order on notice.