Bernard S. Meter, J.
In this article 78 (Civ. Prac. Act) proceeding, petitioners seek reversal of a determination by the Board of Trustees of the Village of Great Neck which denied their application for a permit to establish and maintain a billiard academy in property on Middle Neck Road which is zoned Business A. The application for the permit was made under section 75.0 of article VTII of the Building Zone Ordinance of the village, which permits use “ for any of the purposes set forth in this section and for no other” (emphasis supplied), *131 then lists uses for government purposes, banks, offices and specified retail and service shops, and in a separate subdivision (7) also allows “ all other uses which, in the opinion of the Board of Trustees, after public hearing, are of the same general character as those specifically permitted herein ’
The Board of Trustees conducted a hearing and resolved, by a three-to-two vote, without making findings or giving reasons, that petitioners’ application should be denied. This proceeding followed. To respondents’ answer is annexed the affidavit of the Mayor reciting the reasons for the board’s denial. Petitioners argue that the matter must be remanded for the making of formal findings by the board. Respondents contend that their determination under section 75 (subd. 7) is legislative and not subject to review; that if subject to review, the matter must be transferred to the Appellate Division for determination ; and that in any event the determination was neither illegal nor arbitrary.
Respondents acknowledge the rule of Matter of Lemir Realty Corp. v. Larkin (11 N Y 2d 20) and Matter of Rothstein v. County Operating Corp. (6 N Y 2d 728) that the determination made by a Board of Trustees in passing upon a special exception application is subject to review as to reasonableness. They argue, however, that the term “special exception” embraces only those cases in which the legislative body has ordained that a particular type of use is permissible in the district but conditioned that use upon obtaining approval of each particular application, and that in the present case the board is, each time it determines that a particular type use if “ of the same general character,” acting legislatively to amend the ordinance. Section 75 (subd. 7) meets none of the requirements of the Village Law (§ 178) concerning amendment of a zoning ordinance except that providing for a public hearing. Moreover, respondents’ argument too narrowly limits the scope of legislative determinations reviewable under the Lemir and Rothstein rule. Under that rule a legislative body does not escape review when it specifies a use but makes application of particular property to that use turn upon its own further approval. The reasons for judicial review in such case (see Matter of Larkin Co. v. Schwab, 242 N. Y. 330) are not less present when the legislative body casts its further approval of a use in the form of a determination that it is of the same general character as other specified uses. Respondents’ determination is, therefore, subject to review.
It does not follow, however, that the matter must be remanded to the board for findings. Though the Mayor’s affidavit is the *132 statement of but one member of the board of his recollection of the reasons for the action taken, and the making of formal findings at the time of the determination would more clearly record the reasons of the board than does the present practice, it is settled law that where the board “ empowered to grant consent is the same body which enacted the ordinance ”, no findings need be made in support of the determination (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970, supra). It is sufficient if the reasons are forthcoming in the answer (Matter of Pratt v. Larkin, 7 A D 2d 869), which must1 ‘ show the grounds of the action taken by respondent” (Civ. Prac. Act, § 1291). While the reasons are here erroneously set forth in the affidavit annexed to the answer, the error is not one of substance since the affidavit is by the Mayor who is authorized to and did in fact verify the answer.
More difficult of analysis is the question whether the proceeding must be transferred to the Appellate Division (under Civ. Prac. Act, § 1296). The Village Law (§ 179-b) provides that “ Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the village, may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice act ’ ’ and that in such proceeding Special Term shall determine “ all questions which may be presented for determination under the provisions of section twelve hundred ninety-six of said article ” (see, also, General City Law, § 82, subd. 1; Town Law, § 267, subd. 7). If section 179-b does not apply, review related to sufficiency or weight of the evidence must be transferred. Whether section 179-b applies to a determination of a village board turns on whether the words ‘ ‘ any officer, department, board or bureau of the village,” are descriptive of “ decision ” or are the subject of the verb “may apply.” As a matter of grammar they cannot be both; yet there are decisions which, either flatly or by necessary implication, read them as the subject of “ may apply ” (Tarrant v. Incorporated Vil. of Roslyn, 19 Misc 2d 238, 241, affd. 10 A D 2d 37, affd. 8 N Y 2d 1129; Matter of City of Glen Cove v. Buxenbaum, 17 A D 2d 828; Matter of Fox v. Adams, 206 Misc. 236; Matter of Wallshein v. Burns, 14 Misc 2d 943) on the one hand, and as descriptive of “decision” on the other (Matter of Pratt v. Larkin, 7 A D 2d 869, supra; Matter of Tobin v. Waters, 6 Misc 2d 159; Matter of Bar Harbour Center v. Andrews, 23 Misc 2d 894, 898). Clarifying legislation. appears in order. In the instant case, since the City of Glen Cove decision (supra) is the most recent and since grammatically the preposition “ of ” *133 should have preceded the words ‘ ‘ officer, department, board or bureau ’ ’ if those words were intended to modify ‘ ‘ decision, ’ ’ the matter should be transferred to the Appellate Division. In the present rather confused state of the law, however, and in view of the fact that the Appellate Division may ignore this court’s determination on the merits if the matter should have been transferred, but may be required to remit the matter to Special Term if it is erroneously transferred, the court will consider the merits.
It is necessary to consider only one of the reasons advanced in the Mayor’s affidavit — that the proposed use is not of the same general character as the other uses in the district because all the uses along Middle Neck Road are within those expressly permitted by section 75, whereas the nature and manner of petitioners’ operation are not conducive to retail business and its hours of operation are different. The board may, of course, take into consideration matters outside the record of which it has knowledge; its statement concerning the other uses along Middle Neck Road is, therefore, not improper. Its conclusion, that the proposed billiard academy is not of the same general character is buttressed both by the fact that such an academy is a place of amusement rather than a “ retail or service business ” and by the marked difference in its hours of operation from those of the normal retail or service business. ‘ ‘ For a court to say that [that reason is] not good enough would mean that the Judges have taken over the duties and powers of the board” (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20, 25, supra). The application must, therefore, be denied.
One further observation is in order. The return in this case is separate from and in no way referred to in the answer and is conspicuously marked “ Do Not File! To Be Returned To Counsel.” There appears to be a growing practice of preparing the return for exhibit to but not filing with the court. The practice is disapproved. The Civil Practice Act (§ 1291) directs that “ The respondent shall annex to the answer filed with the clerk of the court a certified transcript of the record of proceedings subject to review or consideration.” (Emphasis supplied.) In view of that mandate, the return becomes a part of the filed papers in the case and may be withdrawn only for good cause upon order of the court. The Clerk is, therefore, directed to disregard the quoted notation. If respondents have need of any of the original documents contained in the return, they may submit their application for an order permitting withdrawal together with a photostatic copy of the documents to be withdrawn to be substituted in the record.