Mario Pittoni, J.
This petition, pursuant to article 78 of the Civil Practice Law and Rules, for judgment directing the respondent to issue a building permit, is dismissed.
The respondent rejected the application for a building permit on the ground that the proposed transaction of business was out of doors and that this was contrary to subdivision 6 of section 75.0 of the Building Zone Ordinance, and also that since the plans called for on-premises parking of vehicles, the petitioner had failed to get the authorization of the Board of Appeals, pursuant to section 100.1 of the Building Zone Ordinance.
The petitioner attacks the respondent’s decisions as arbitrary and capricious, and claims that the petitioner’s proposals do not violate the ordinances involved. Nowhere in the petition does the applicant attack the constitutionality of the ordinances, as intimated on oral argument and the brief. Anyway, by seeking relief under sections 75.0 and 100.1 of the Building Zone Ordinance, the petitioner concedes their constitutionality (Matter of Diocese of Rochester v. Planning Bd.; 1 N Y 2d 509, *960 519, 520). Since the respondent’s determination is claimed to result from an erroneous or an arbitrary and capricious interpretation of the ordinances, rather from any question of constitutionality of the ordinances, it cannot and may not be assumed that the Board of Zoning Appeals of the Village of Great Neck would not, if the respondent were wrong, correct the respondent’s improper interpretation or application of the ordinances.
The petitioner, thus, has foreclosed an appeal to this court by failing to appeal the respondent’s determination to the Village Board of Appeals (Village Law, § 179-b; Building Zone Ord., Village of Great Neck, § 100.9). As stated in section 7801 of the Civil Practice Law and Rules “ a proceeding under this article shall not be used to challenge a determination: 1. which is not final or can be adequately reviewed by appeal * * * to some other body ”. (See, also, Matter of Tower Management Corp. v. Thatcher, 271 N. Y. 94; Radano v. Town of Huntington, 281 App. Div. 682, affd. 305 N. Y. 911; Matter of Perosi Homes v. Maniscalco, 15 A D 2d 563.) Accordingly, since the petitioner has failed to exhaust its administrative remedies, the petition must be dismissed.