## (April 7, 1980)

■ EUGENE H. BAILEY et al., Petitioners, v ALLEN SMITH et al., Constituting the Riverhead Town Board, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent town board, dated June 19, 1979, which, after a public hearing, granted respondent Riverhead Airpark, Inc., a special use permit for a commercial airport, and to enjoin the town board and the respondent building inspectors from issuing a building permit, certificate of occupancy or other approval giving effect to the said special permit. The proceeding was transferred to this court by order of the Supreme Court, Suffolk County, dated December 5, 1979. Proceeding remitted *sua sponte* to Special Term for determination of all questions raised. No costs or disbursements are awarded. Although CPLR 7804 (subd [g]) provides that where the substantiality of the evidence is in issue proceedings to review administrative determinations must be transferred to this court, the requirement does not apply to zoning determinations. Subdivision 7 of section 267 of the Town Law provides that "The court at special term shall itself dispose of the cause of the merits, determining all questions which may be presented for determination" (see, also, General City Law, § 82, subd 1, par [c]). Therefore, where a zoning decision is in issue, nisi prius, and not this court, has original jurisdiction. Here the decision to grant a special use permit for a commercial airport and the determination that no environmental impact statement was required were made by the town board as mandated by the Riverhead Zoning Ordinance.

In deciding such issues the town board was acting in its plenary administrative capacity (see *Matter of Rothstein v County Operating Corp.,* 6 NY2d 728; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24). Since there was no statutory basis for the instant transfer, we are constrained to retransfer the matter to the court in which original jurisdiction is reposed. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.