■ SOUTH WOODBURY TAXPAYERS ASSOCIATION, INC., Appellant-Respondent, v TOWN OF OYSTER BAY et al., Respondents-Appellants, and TILLES INVESTMENT Co., Respondent, et al., Defendants.—In an action, *inter alia,* to declare invalid resolutions granting certain special exception permits, defendants Town of Oyster Bay and the members of the town board cross-appeal from so much of an order of the Supreme Court, Nassau County, dated September 25, 1979, as, in dismissing the complaint, granted plaintiff permission to apply for "leave to serve an amended pleading, which shall be labelled a 'petition'", pursuant to CPLR article 78 with respect to two of the challenged resolutions. Plaintiff has apparently abandoned its appeal from so much of said order as dismissed its complaint as to all challenged resolutions, except insofar as it found resolutions 106-79 and 300-79 not time barred and granted permission to apply for leave to replead. On the cross appeal, order affirmed insofar as appealed from, with $50 costs and disbursements payable to plaintiff by the town defendants. The issue on appeal is whether the 30-day Statute of Limitations to bring an article 78 proceeding

pursuant to subdivision 7 of section 267 of the Town Law applies solely to the decisions of the board of appeals. Based upon a review of the legislative history, we believe that the 30-day Statute of Limitations is so limited. Subdivision 7 of section 267 of the Town Law currently provides, in relevant part: "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision in the office of the town clerk." The predecessor to subdivision 7 was section 349-u of the former Town Law (see L 1926, ch 714, § 1). That statute provided, in part: "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any officer, department, board or bureau of the town, may present to a court of record a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board of appeals." The distinguishing feature between these two statutes, concerned with the same subject matter, is the absence of a comma between the words "appeals or" in the present version of the law. To read the preposition "of" to include the decisions of "any officer, department, board or bureau of the town" contravenes the intent of the legislation, which by its terms is solely concerned with the acts, power, rights and obligations of the board of appeals *(Matter of Bachety v Volz,* 65 Misc 2d 176, 178, affd 39 AD2d 842). Although *Bachety* did not directly address the issue of the 30-day Statute of Limitations, it held that the persons or bodies listed following the words "appeals or" should be considered parties specially designated to bring a CPLR article 78 proceeding. By force of reason and grammar, these parties, under subdivision 7 of section 267 of the Town Law, are either designated petitioners or those whose decisions are subject to attack (i.e., respondents) but not both (see *Matter of Zeifman v Board of Trustees of Inc. Vil. of Great Neck,* 40 Misc 2d 130, 132-133). We, therefore, hold that the 30-day limitations period of subdivision 7 is limited solely to decisions of the board of appeals. The instant action having been commenced against the town board within four months of the adoption of resolutions numbered 106-79 and 300-79, Special Term properly granted plaintiff permission to seek leave to serve an amended pleading (see CPLR 217). Mollen, P. J., Titone and Lazer, JJ., concur. Cohalan, J., concurs in the result on constraint of *Bowman v Squillace* (74 AD2d 887).