■ In the Matter of SAVE THE PINE BUSH, INC., et al., Petitioners, v PLANNING BOARD OF THE CITY OF ALBANY et al., Respondents, and BENACQUISTA, POLSINELLI & SERAFINI MANAGEMENT CORP. et al., Intervenors-Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review acts and determinations of respondents made in connection with two proposed construction projects known as Karner Meadows and Anderson Office Park. Special Term transferred this proceeding to this court upon the ground that the petition contains allegations that certain of respondents' determinations are not supported by substantial evidence. Respondents have not yet answered the petition; rather, they have moved to dismiss upon objections in point of law which do not involve the merits. In our view, transfer was improper and, after passing on the objections in point of law, we remit the matter to Special Term. Unless an issue specified in CPLR 7803 (subd 4) is raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding (CPLR 7804, subd [g]). The mere fact that the petition alleges the lack of substantial evidence supporting the determination is not dispositive, for the question of whether an article 78 proceeding must be transferred to the Appellate Division is one to be decided by Special Term, not by petitioners *(Matter of O'Brien v Biggane,* 85 Misc 2d 424, affd 48 AD2d 1018; cf. *Matter of Daigle v New York State Liq. Auth.,* 35 AD2d 901). An issue specified in CPLR 7803 (subd 4) arises only where a quasi-judicial hearing has been held and evidence taken pursuant to law *(Matter of Colton v Berman,* 21 NY2d 322, 329). Such a hearing would ordinarily be conducted in accordance with the procedural requirements of article 3 of the State Administrative Procedure Act (see Siegel, New York Practice, § 560, p 783). Here, the hearings held by respondents were public hearings for informational purposes (see General City Law, § 32; 6 NYCRR 617.4 [c] [5]), and they clearly were not the type of evidentiary hearing referred to in CPLR 7803 (subd 4). In deciding whether an environmental impact statement was required and whether to approve the Karner Meadows subdivision plat, respondent environmental quality review board and respondent planning board were acting in a plenary administrative capacity *(Bailey v Smith,* 75 AD2d 573), and in amending the zoning ordinance, respondent common council acted in its legislative capacity *(Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 43 AD2d 793, 794). Accordingly, an issue specified in CPLR 7803 (subd 4) has not been raised by petitioners' challenge to these determinations, and transfer of this proceeding, therefore, was not authorized. Moreover, even if transfer had been authorized, the better practice would have been for Special Term to rule on the objections in point of law raised in respondents' motion to dismiss made before the answer had been served (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7804:9, pp 507-508). Contrary to petitioners' suggestion, this court has not previously ruled, either directly or indirectly, on the

propriety of Special Term's transfer. It is the general rule that, despite the erroneous transfer by Special Term, once an article 78 proceeding comes to the Appellate Division, that court should pass on all the issues (CPLR 7804, subd [g]; *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180; but see *Bailey v Smith, supra).* Here, the only issues before us are those raised by respondents' objections, in point of law. Initially, we find no merit to respondents' contention that the individual petitioners lack standing to maintain this proceeding (see *Matter of Friends of the Pine Bush v Planning Bd. of City of Albany,* 71 AD2d 780, mot for lv to app dsmd 49 NY2d 860). We also reject respondents' argument that the proceeding is untimely. The thrust of their argument appears to be that since petitioners' challenge rests largely upon alleged improprieties in the determinations of the environmental quality review board that there will be no significant environmental impact from the proposed subdivision and the proposed office park and since the proceeding was commenced more than 30 days after those determinations, it is untimely under section 38 of the General City Law. The final determinations challenged herein, however, are the approval by respondent planning board of the subdivision plat and the zoning amendment allegedly enacted by respondent common council to allow construction of the office park. With respect to these actions, this proceeding is concededly timely. The determinations regarding environmental impact are conditions precedent to the final determination challenged herein (see Environmental Conservation Law, art 8). Moreover, respondents have misread section 38 of the General City Law in asserting that the 30-day time limitation contained therein applies to determinations of respondent environmental quality review board. Section 38 applies only to determinations of the planning board (cf. *South Woodbury Taxpayers Assn. v Town of Oyster Bay,* 79 AD2d 633), and its reference to "any officer, department, board or bureau of the city" simply confers standing on additional persons and entities to maintain a proceeding to review determinations of the planning board (cf. *Bowman v Squillace,* 74 AD2d 887; *Matter of Marshall v Quinones,* 43 AD2d 436). Accordingly, the 30-day time limitation in section 38 of the General City Law is not applicable to determinations of the environmental quality review board. Having concluded that respondents' objections in point of law are without merit, we must deny their motion to dismiss the petition, but since respondents have not yet answered, the papers are insufficient to allow us to reach the merits. Accordingly, we remit the matter to Special Term (CPLR 7804, subd [g]). Motion to dismiss petition denied, with $20 costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Casey and Herlihy, JJ., concur; Weiss, J., not taking part.