■ In the Matter of JOHN E. SENGSTACKEN, Individually and as Building Inspector of the Town of Ramapo, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO, Respondent, and EUGENE FRANK, Intervenor-Appellant. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent Zoning Board of Appeals of the Town of Ramapo, the intervenor-appellant appeals (upon permission) from an order of the Supreme Court, Rockland County (Burchell, J.), entered October 5, 1981,

which, upon appellant's cross motion to dismiss the proceeding, modified the order to show cause dated June 26, 1981, requiring service to be made on the zoning board of appeals and extending the time during which service could be made. Order reversed, on the law, without costs or disbursements, cross motion by appellant to dismiss the proceeding denied, without prejudice to assertion of the defense of lack of jurisdiction in the answer, if the Zoning Board of Appeals of the Town of Ramapo be so advised. Service of the answer is to be made within 20 days after service upon the board of a copy of the order to be made hereon, with notice of entry. Special Term correctly noted that service of the order to show cause should have been made on the Zoning Board of Appeals of the Town of Ramapo and not upon the town clerk as was directed in the order to show cause signed by the court. There is no authority in the instant matter for service upon the town clerk as a basis for obtaining jurisdiction over the board (see *Matter of Beck v Goodday,* 24 AD2d 1016). Thus, if the cross motion to dismiss the petition were properly before Special Term, it should have been granted. However, the appellant served the motion papers on the petitioner on July 7, 1981, three days before the return date of the order to show cause. The order to show cause also provided that the answer be served at least five days prior to the return date. CPLR 7804 (subd [f]) provides that a motion to dismiss the petition must be "made upon notice within the time allowed for answer". This was not done. Therefore, Special Term did not acquire jurisdiction of the cross motion, and its granting would have been jurisdictionally void (see *Matter of Beck v Goodday, supra*). We note further that Special Term was without authority to modify the order to show cause as it did. Although a court can extend the time for doing certain acts (CPLR 2004), it cannot extend the time limited by law for the commencement of an action (CPLR 201). The 30-day time requirement for institution of a proceeding against the zoning board of appeals (Town Law, § 267) is clearly a Statute of Limitations (see, e.g., *South Woodbury Taxpayers Assn. v Town of Oyster Bay,* 79 AD2d 633). Accordingly, Special Term's extension of the time for service of the petition and order to show cause to a date well in excess of the 30 days was improper. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.