■ In the Matter of WILLIAM JONAS et al., Appellants, v TOWN OF COLONIE, Respondent, and SIENA COLLEGE, Intervenor-Respondent. — Kane, J.

Petitioners are residents living in the area surrounding the proposed site of a housing project to be constructed by intervenor Siena College (Siena). Petitioners are appealing a judgment of Special Term which dismissed petitioners' application seeking (1) a preliminary injunction enjoining respondent from issuing a building permit, (2) the review of a determination of respondent's Superintendent of Buildings (Superintendent) that Siena is not required to obtain a variance under the Town of Colonie Zoning Code to construct its housing, and (3) a review of the negative declaration of environmental impact by respondent's Planning Board.

The record indicates that by letter of May 17, 1983, respondent's Engineering and Planning Services Department informed Siena of the Superintendent's determination that Siena would not need to obtain a variance in order to construct its housing facility, since Siena's proposal was consistent with respondent's zoning laws. Petitioner William Jonas objected to the Superintendent's decision, by letter dated August 25, 1983, on the basis that his interpretation of the zoning law was erroneous. No appeal of the Superintendent's decision was taken before respondent's Zoning Board of Appeals.

The second determination of respondent which petitioners claim as error is the action of the Planning Board in issuing a negative declaration of environmental impact, thereby absolving Siena of the duty to prepare and submit a full environmental impact statement. The declaration was issued at a regular

meeting of the Planning Board on December 13, 1983 after. extensive submission of information and questioning by petitioners. The Planning Board is the lead agency for the purposes of the State Environmental Quality Review Act (ECL art 8). A number of petitioners were present at the December 13, 1983 meeting.

By petition dated April 2, 1984, petitioners commenced this CPLR article 78 proceeding to review the above-noted determinations of respondent and to enjoin respondent from issuing a building permit to Siena. By order to show cause dated April 19, 1984, Siena moved to intervene and to dismiss the proceeding. Respondent also moved to dismiss the petition upon the grounds that (1) the proceeding was time barred, (2) petitioners failed to exhaust administrative remedies, and (3) the petition failed to state a cause of action. Special Term granted Siena's motion to intervene, dismissed the petition for failure to exhaust administrative remedies and denied petitioners' application for a preliminary injunction. This appeal by petitioners ensued.

Initially, we note that Siena was properly granted intervenor status (see, CPLR 7802 [d]; Matter of Wilcox v Dwyer, 73 AD2d 1016, 1017).

Turning to Special Term's decision that petitioners' challenge to the determination of respondent's Superintendent must be dismissed, we affirm. Town Law § 267 (2) provides jurisdiction in a zoning board of appeals to hear and decide appeals "from * * * any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance". Respondent vests authority to enforce its zoning regulations in the Superintendent of Buildings (Town of Colonie Zoning Code § 190-35). In response to a query from respondent's Engineering and Planning Department, the Superintendent determined that the proposed construction by Siena was consistent with respondent's zoning laws and would, accordingly, not require a variance. Such decision by the Superintendent was appealable to respondent's Zoning Board of Appeals (see, Town Law § 267 [2], [3]; Zoning Board of Appeals Town of Colonie Rules of Procedure § 501 [1]; Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals, 94 AD2d 744). It follows that petitioners were barred from challenging the Superintendent's decision by their failure to exhaust their administrative remedies, i.e., to seek review by the Zoning Board of Appeals (Radano v Town of Huntington, 281 App Div 682, affd 305 NY 911; see, CPLR 7801 [1]; 2 Anderson, New York Zoning Law and Practice § 26.22 [3d ed 1984]).

Similarly, we agree with Special Term that petitioners are precluded from challenging the Planning Board's issuance of a

negative declaration of environmental impact. Petitioners never sought review of the Planning Board's decision before the Zoning Board of Appeals. Consequently, petitioners are barred from challenging this decision in a CPLR article 78 proceeding (*Matter of Association for Dev. of Healthy Oneonta Community v Kirkpatrick,* 87 AD2d 934). The judgment must, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.