■ BERND O. ENGERT et al., Appellants, v HOWARD L. PHILLIPS et al., Respondents.—In an action to enjoin an alleged violation of the Town of Huntington zoning ordinance, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Underwood, J.), entered November 13, 1987, which granted the motions of the defendants Howard L. Phillips and Rhoma Phillips for summary judgment dismissing the complaint, which motion was joined in by the defendant Hartman, and (2) from so much of an order of the same court, entered April 28, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered November 13, 1987 is dismissed, as that order was superseded by the order entered April 28, 1988; and it is further,

Ordered that the order entered April 28, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiffs are the owners of a house and lot in an area presently zoned for residential use where lot sizes must be at least one acre. The defendants Howard L. Phillips and Rhoma Phillips own a substandard lot abutted on two sides by the plaintiffs' property and which, like the plaintiffs' property, fronts on Northport Harbor in the Town of Huntington. The Phillipses' lot is improved only with a beach house, which has stood on the property as a prior nonconforming use for several decades.

In September 1985 the Phillipses obtained a "Letter in Lieu of A Certificate of Occupancy" reflecting that the beach house is 30 feet by 35 feet, and that a certificate of occupancy could not be provided because the building was constructed before the enactment in 1934 of the Building Code and the Building Zone Ordinance of the Town of Huntington. In October 1985 the Phillipses applied for a building permit authorizing them to make alterations to the beach house. They represented in their application that the size of the structure was 30 feet by 35 feet, that the structure would remain that size after the alterations, and that the estimated cost of the alterations would be $8,082. In November 1985 the application was granted. In February 1986 the defendant Hartman, as Director of the Department of Engineering, Building and Housing of the Town of Huntington, issued a certificate of occupancy

certifying that the completed alterations substantially conformed with the previously approved plans and all the requirements of the Huntington Town Code. Sometime thereafter, the plaintiffs asked the defendant Hartman to revoke the certificate of occupancy and building permit. By letter dated June 26, 1986, their request was denied.

The plaintiffs commenced this action in October 1986, *inter alia,* to compel the Phillipses to demolish the beach house and to compel the defendant Hartman to revoke the building permit and certificate of occupancy. They allege in their verified complaint that prior to October 1985 the beach house was only 10 feet by 12 feet, and that after the issuance of the building permit the Phillipses demolished the existing building and constructed a new, larger one which was not a "vested" nonconforming use.

Following joinder of issue, the Phillipses moved for summary judgment on the ground that the action was barred by the 30-day Statute of Limitations set forth in Town Law § 267 (7), and the defendant Hartman joined in that motion. In granting the motion on that ground, the Supreme Court also ruled that the action was barred by laches, which the Phillipses had asserted as one of several affirmative defenses. The defendants urged, *inter alia,* that the record factually supported the determination that the action was barred by the equitable doctrine of laches and that the plaintiffs were required but failed to exhaust administrative remedies.

We agree with plaintiffs that the Supreme Court erroneously held that this action is barred by the 30-day Statute of Limitations contained in Town Law § 267 (7). Although this action is properly characterized as a proceeding for relief pursuant to CPLR article 78 *(see, South Woodbury Taxpayers Assn. v Town of Oyster Bay,* 79 AD2d 633; *cf., Matter of Jonas v Town of Colonie,* 110 AD2d 945), we have previously held that the 30-day Statute of Limitations applied by the Supreme Court here is limited to proceedings challenging decisions of a zoning board of appeals *(see, Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741; *South Woodbury Taxpayers Assn. v Town of Oyster Bay, supra).* Since the plaintiffs' action is premised upon a refusal to rescind a previously issued building permit and certificate of occupancy, the action is governed by the four-month Statute of Limitations *(see,* CPLR 217).

Nonetheless, summary judgment dismissing the complaint was properly granted. The rules of the Zoning Board of Appeals of the Town of Huntington vest that body with authority to review any decision or determination made by

the Department of Engineering, Building and Housing of the Town of Huntington in enforcement or administration of the town's zoning ordinance (see, Town of Huntington Zoning Code § 198-12.5; see also, Town Law § 267 [2]). The challenged determination was therefore appealable to the Zoning Board of Appeals. The plaintiffs never sought administrative review of the defendant Hartman's determination, and thus may not challenge it here (see, Matter of Jonas v Town of Colonie, supra; Radano v Town of Huntington, 281 App Div 682, affd 305 NY 911; cf., Tarrant v Incorporated Vil. of Roslyn, 10 AD2d 37, affd 8 NY2d 1129). There is no merit to the plaintiffs' remaining contentions. We further note that it would be manifestly inequitable to compel destruction of a beach house because of renovations of which the plaintiffs were aware when they were made but which they challenged only months after all work was complete.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.