■ STEPHEN J. TATRO et al., Respondents, v VILLAGE OF MALONE et al., Appellants.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Duskas, J.), entered January 8, 1990 in Franklin County, which granted plaintiffs' motion to partially convert the action into a proceeding pursuant to CPLR article 78.

Plaintiffs commenced this action against defendant Village of Malone, its various agents and defendant James Yando, seeking, *inter alia,* annulment of a variance issued for a building on property in the Village owned by Yando. The complaint also sought actual and punitive damages from defendants for the injuries sustained by plaintiffs, the abutting property owners, occasioned by Yando's construction of a building extending one foot beyond the denominated line granted in the variance and an overhang extending beyond the set back restrictions of the variance. Plaintiffs also sought a permanent injunction compelling defendants to comply with certain provisions of the Village's zoning ordinance which, according to plaintiff, prohibited the issuance of a certificate of

occupancy to Yando in view of the alleged violations of the variance.

After answering, defendants moved for, *inter alia,* summary judgment dismissing the complaint and plaintiffs moved for an order permitting the action to be converted to a CPLR article 78 proceeding to challenge the grant of the certificate of occupancy and to permit late filing of a notice of claim against the Village.

Supreme Court dismissed the various causes of action against defendants, finding that plaintiffs failed to state cognizable causes of action. The challenge to the variance was dismissed on Statute of Limitations grounds. Late filing of a notice of claim against the Village was denied. However, insofar as the complaint challenged the issuance of a certificate of occupancy to Yando, the motion to dismiss was denied and plaintiffs' application to convert the action to an article 78 proceeding with respect to that issue was granted. This appeal ensued.

Defendants raise two issues on this appeal: (1) whether the plenary action was properly converted to a CPLR article 78 proceeding pursuant to CPLR 103 (c), and (2) whether the article 78 challenge to the grant of the certificate of occupancy was premature in that plaintiffs failed to exhaust their administrative remedies.

In our view, the action was improperly converted to a CPLR article 78 proceeding. Village Law § 7-712 provides the mechanism for review of orders of administrative officials charged with enforcement of zoning ordinances. Plaintiffs' failure to pursue such review forecloses them from resort to a court of law *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). We note that plaintiffs objected to the issuance of the certificate of occupancy in a letter addressed to, among others, the Village's Zoning Board of Appeals dated January 13, 1989 and received on January 17, 1989. The certificate of occupancy had meanwhile been issued on January 16, 1989. Plaintiffs made no further request to review the order issuing the certificate of occupancy and thus failed to appeal it as required by statute *(see,* Village Law § 7-712).

In view of our holding we decline to address the other issues raised on this appeal.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion to partially convert the action into a proceeding pursuant to CPLR article 78; said

portion of the complaint dismissed; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.