■ In the Matter of VICTORIA L. PARISELLA et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF FISHKILL et al., Respondents.—Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hillery, J.), entered June 10, 1991 in Dutchess County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent Zoning Board of Appeals of the Town of Fishkill granting a use variance to respondent Thalle Industries, Inc.

Respondents Thalle Industries, Inc., Thalle Construction Company, Inc. and North State Associates (hereinafter collectively referred to as Thalle) are the owners and operators of a rock and gravel quarry located in the Town of Fishkill, Dutchess County (hereinafter the parcel). In June 1990, respondent Zoning Board of Appeals of the Town of Fishkill,

*inter alia,* granted Thalle a use variance for the construction of a temporary bituminous pavement material plant on the parcel, with the condition that the asphalt only be sold to the Department of Transportation for repaving Interstate Route 84. Thereafter, respondent Building Inspector of the Town of Fishkill issued Thalle a building permit and respondent Department of Environmental Conservation (hereinafter DEC) issued an air permit to construct.

Petitioners, owners of real property located 1,700 and 2,000 feet from the parcel, commenced this CPLR article 78 proceeding challenging, *inter alia,* the Zoning Board's grant of the use variance. DEC answered and Thalle, the Zoning Board and the Building Inspector moved to dismiss the petition pursuant to CPLR 7804 (f) raising, *inter alia,* mootness and lack of standing. Supreme Court dismissed the petition, finding that petitioners lacked standing to maintain this proceeding. Petitioners appeal.

Petitioners concede that their appeal, insofar as it relates to the issuance of the use variance, is moot. The use variance expired by its own terms on May 10, 1991 *(see, Guziec v Woods,* 171 AD2d 1082) and the exception to the mootness doctrine does not apply *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). Although the relevant building permit contains an expiration date of December 19, 1990, petitioners argue that this is merely a lapse date and, hence, in view of the plant's continued operation, their challenge in this regard is not moot. We need not address the validity of this argument, however, as this portion of the petition must be dismissed due to petitioners' failure to exhaust administrative remedies. Town Law former § 267 (2) provides the mechanism for reviewing determinations "made by an administrative official charged with the enforcement of any [zoning] ordinance" *(see also,* Town of Fishkill Zoning Code §§ 50-11, 150-82). Petitioners' failure to pursue this review procedure with respect to the Building Inspector's issuance of the challenged building permit forecloses their ability to raise that issue before this Court *(cf., Tatro v Village of Malone,* 170 AD2d 896, 897; *Engert v Phillips,* 150 AD2d 752, 753-754).

As for the air permit to construct issued by DEC, petitioners likewise contend that the expiration date contained therein (June 8, 1991) is simply a lapse date. Petitioners further assert that the air permit is analogous to a building permit, which is traditionally recognized as an initial construction document, conditionally issued, allowing work to begin on a given project *(see, Green v Irwin,* 174 AD2d 879, 882). Similarly, petitioners

argue that the subsequently issued DEC operating permit is analogous to a certificate of occupancy, which is generally regarded as a final construction document, representing that the completed project has been reviewed and found to be in compliance with applicable fire and safety codes *(see, supra,* at 881-882).* Noting that a certificate of occupancy is subject to whatever infirmities may exist in the previously issued building permit *(see generally,* 4 Rathkopf, Law of Zoning and Planning § 49.07), petitioners argue that a timely challenge to a certificate of occupancy brings up for review the underlying building permit and hence, by way of analogy, a challenge to DEC's operating permit brings up for review the propriety of the issuance of the underlying air permit. Assuming, without deciding, that this argument has merit, it nonetheless has no application here. Contrary to petitioners' assertion, it simply is not enough that the asphalt plant continues to operate. Because petitioners have not challenged DEC's operating permit in this proceeding, the propriety of its issuance is not now before us and, accordingly, it may not be used as a means to revive petitioners' challenge to the underlying air permit. Our resolution of this matter also renders moot petitioners' challenge to the Zoning Board's issuance of the negative declaration which, petitioners contend, formed the basis of the improperly issued building and air permits. In light of this result, we need not reach the remaining arguments raised by petitioners.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.