OPINION OF THE COURT
Frank A. Sedita, Jr., J.
The relevant issue on this motion is whether a 30 day or a *1048 four month Statute of Limitations applies to a challenge to a rezoning of property by the Trustees of the Village of Hamburg.
In what appears to be a case of first impression, this court is asked to determine if the Trustees of the Village of Hamburg qualify as a "board” within the meaning of section 7-712-c of the Village Law.
Subdivision (1) of this section states: "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the village, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision of the board in the office of the village clerk.”
Petitioners take the position that the reference to "boards” refers to administrative "boards”, and primarily to determinations of a zoning board of appeals. Petitioners assert that a "legislative” act of the Village Board of Trustees in rezoning property was not the type of act which was intended to be included under section 7-712-c. We agree.
A review of the larger statute (of which section 7-712-c is a subsection) makes clear that the focus of this statute is upon acts of zoning boards of appeals and not on "legislative” actions by Village Trustees. We note that the title of the beginning section of this statute (§ 7-712) is entitled "Zoning board of appeals”; section 7-712-a is entitled "Board of appeals procedure”; and section 7-712-b is entitled "Permitted action by board of appeals”. We are admonished in construing statutes to construe all parts together and to attempt to harmonize those various parts where possible (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98). Clearly, this larger statute is directed at boards of appeals and we would be twisting the clear focus of this statute by extracting the word "boards” and extrapolating a 30 day limit on review of a legislative act where only a limit on administrative acts of a board of appeals was intended.
In addition, we note that similar sections of the Town Law (§ 267-c) and General City Law (§ 82) have been interpreted as applying to zoning boards of appeals. (See, Matter of Save the Pine Bush v Planning Bd., 83 AD2d 741; Matter of King v Chmielewski, 76 NY2d 182; South Woodbury Taxpayers Assn. v Town of Oyster Bay, 79 AD2d 633.) Our Court of Appeals has held that the four month Statute of Limitations of CPLR 217 applies to challenges to the enactment of a city zoning amend *1049 ment. (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193.) This zoning amendment (in Matter of Save the Pine Bush v City of Albany, supra) was a legislative act by the Albany City Council, and we feel that it establishes a clear corollary precedent for acts of village legislative bodies.
The petitioners herein commenced their CPLR article 78 challenge within the four month strictures of CPLR 217. For all the reasons set forth above, we can find no sufficient basis to apply the 30 day Statute of Limitations set forth in section 7-712-c of the Village Law to a rezoning by the Trustees of the Village of Hamburg.
Accordingly, this motion is denied.