In the Matter of NANCY E. HAYS et al., Appellants, v DONALD WALRATH, as Code Enforcement Officer of the Town of Caroga, et al., Respondents. [705 NYS2d 441] —Spain, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered October 1, 1999 in Fulton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Code Enforcement Officer issuing a building permit to respondents Joseph Herms and Theresa Herms.

Respondents Joseph Herms and Theresa Herms own a parcel of lakefront property on Canada Lake in the Town of Caroga, Fulton County. They twice unsuccessfully applied to the Town Zoning Board of Appeals (hereinafter the ZBA) for a variance to build a residence on the parcel. While a third variance application was pending—which was ultimately denied—the Hermses began building a two-story boathouse at the shoreline of their property without a permit. Respondent Donald Walrath, the Town's Code Enforcement Officer, initially issued a stop work order believing the construction to be in violation of the Town of Caroga Zoning Ordinance. However, on July 19, 1999, Walrath issued the Hermses a building permit to resume the construction of the boathouse.

Petitioners, owners of property located approximately one-half mile across the lake from the Hermses' property, com-

menced this CPLR article 78 proceeding seeking review of Walrath's issuance of the building permit. Supreme Court sustained the issuance of the permit and dismissed the petition on the merits. Petitioners appeal.

Petitioners questioned the legality of Walrath's issuance of the July 19, 1999 building permit in a July 29, 1999 letter to the ZBA which essentially urged the ZBA to deny the Hermses' third application for a variance. However, petitioners never appealed to the ZBA from Walrath's decision to issue the building permit or his refusal to revoke that permit or to issue another stop work order.

The Town of Caroga Zoning Ordinance § 12.010 provides, in relevant part, that: "The Building Inspector shall have the power and duty to administer and enforce the provisions of this ordinance. * * * The appeal from an action, omission, decision or rule by him regarding a requirement of the ordinance may be made only to the Zoning Board of Appeals." Petitioners' failure to seek administrative review by the ZBA "with respect to the Building Inspector's issuance of the challenged building permit forecloses their ability to raise that issue before this Court" (*Matter of Parisella v Zoning Bd. of Appeals*, 188 AD2d 712, 713, *lv denied* 82 NY2d 653; *see, Matter of Jonas v Town of Colonie*, 110 AD2d 945, 946; *see also, Engert v Phillips*, 150 AD2d 752, 753-754; 2 Salkin, New York Zoning Law and Practice § 33.22, at 33-47 [4th ed]).

Petitioners' having failed to exhaust their administrative remedies, we conclude that Supreme Court properly dismissed the petition, although for reasons other than those relied upon by Supreme Court.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.