■ In the Matter of TOWN OF BELLMONT, on Behalf of MOUNTAIN VIEW WATER LEVEL CONTROL DISTRICT, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

Respondent. [726 NYS2d 769] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered March 14, 2000 in Franklin County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Water levels in Mountain View Lake and Indian Lake, as well as their connecting narrows, are augmented by a dam located at the northern end of Mountain View Lake in the Town of Bellmont, Franklin County. Petitioner took title to the dam in 1962 and until recent years conducted annual "drawdowns" in which it lowered the water level on the lakes from late September or early October to "ice out" in the spring. According to petitioner, the drawdowns serve the purpose of assisting lakefront owners with the repair of docks, boathouses and seawalls and preventing ice damage that would otherwise occur. In early 1998, petitioner determined that the dam needed to be repaired by installing steel sheet piling and replacing the dam's nonfunctioning gates. Petitioner made application to respondent for a permit for the required work. A permit was issued and was thereafter modified and renewed several times, with the last renewal expiring on June 15, 1999.

On August 24, 1999, petitioner made application for a further modification and renewal of the permit. In response, respondent notified petitioner that the application would be treated as a new application pursuant to 6 NYCRR 621.13 (e). Further, based on evidence that a viable warm water northern pike and bass fishery had developed during recent years when the condition of the dam prevented drawdowns and that lake residents had expressed concerns about damage to water lines, dock and boathouse footings and other structures due to freezing if the water level was lowered during the winter, the permit issued by respondent on September 14, 1999 imposed certain conditions. Conditions 17 and 18 required that the dam "be operated as a fixed crest dam with run-of-river flow regimes, thereby maintaining water levels within Mountain View and Indian Lakes [and that] [n]o drawdowns of the impoundment shall occur without prior review and approval from [respondent's] Regional Office." Condition 19 provided that the permit's September 1, 2000 expiration date "establishes the period of time authorized to complete the requested additional work [but that] [c]onditions 17 and 18 shall remain in effect for the life of the existing dam unless removed or modified pursuant to a subsequent permit." Finally, condition 20 required petitioner, within three months of the date of issuance of the permit or

prior to the date the dam is operational, to prepare an emergency action plan relative to emergency water releases.

In October 1999, petitioner commenced the present CPLR article 78 proceeding seeking a judgment declaring that respondent is without authority to institute or conduct any enforcement proceedings arising out of conditions 17, 18 or 20 of the permit, enjoining and prohibiting any such enforcement, and granting mandamus to compel respondent to remove those conditions from the permit. Respondent made a preanswer motion to dismiss based upon the objection in point of law, among others, that petitioner had failed to exhaust its administrative remedies by failing to seek an adjudicatory public hearing pursuant to 6 NYCRR 621.9 (a) (1) within 30 days following the issuance of the permit. Supreme Court granted respondent's motion and dismissed the petition. Petitioner appeals.

We affirm. Fundamentally, "[a] petitioner must exhaust all administrative remedies before seeking judicial review unless 'an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury' " (*Matter of Cliff v Russell*, 264 AD2d 892, 893, quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [citations omitted]). Neither the petition nor petitioner's submissions in opposition to the motion to dismiss raised any constitutional challenge. Further, there is no question that ECL article 15, title 5 empowers respondent to issue permits for the repair of dams and to oversee the State's water resources. Under ECL 15-0503 (3) (a) and (b), respondent must consider "the effect on the natural resources of the state likely to result from the proposed project or work" and "may grant the permit or request with such conditions as might appear necessary to safeguard life, property and natural resources during and after the execution of the proposed project or work." Under the circumstances, we are constrained to the view that it was not "wholly beyond" respondent's authority to impose the conditions at issue here. Finally, we agree with respondent that petitioner has made an insufficient showing that administrative relief would have been futile or would have resulted in irreparable injury.

Petitioner's remaining contentions are either unpreserved or have been considered and found to be unavailing.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.