In the Matter of PURR FECT WORLD, INC., Appellant, v CITY OF CORTLAND, Respondent. [869 NYS2d 698]—

Lahtinen, J.

Petitioner was granted a nonconforming use variance to operate a veterinary clinic by respondent. On September 1, 2006, the clinic was shut down by respondent after a search warrant was executed on the premises and 278 cats were found, including many that were dead, injured and malnourished, and all being kept in unsanitary conditions. In May 2007, petitioner was found guilty in Cortland City Court of 28 violations of Agriculture and Markets Law § 365.

In August 2007, petitioner twice requested that respondent's Director of Code Enforcement reinspect the premises with the intention of reopening the clinic. On August 28, 2007, after the reinspection had not taken place, petitioner brought a petition in Supreme Court seeking an order to compel the Director of Code Enforcement to immediately reinspect the premises and, by an order to show cause, requested temporary relief to allow petitioner to resume operating the clinic pending the resolution of the petition. Petitioner's actions were founded on its belief that its nonconforming use would terminate on September 1, 2007, pursuant to City of Cortland Zoning Ordinance § 300-125, which allows a nonconforming use, interrupted by any cause other than an owner's voluntary act, to be resumed provided the use recommences within 12 months of the interruption. On August 31, 2007, Supreme Court denied petitioner's request for

temporary relief and, in October 2007, dismissed the petition.* Petitioner now appeals.

As the petition has been dismissed, petitioner's request that it be allowed to temporarily operate the clinic pending the disposition of the petition can no longer be realized, rendering this issue moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of LaCorte Elec. Constr. & Maintenance v County of Schoharie, 190 AD2d 899, 900 [1993], lv denied 81 NY2d 709 [1993]). Regarding petitioner's demand that the Director of Code Enforcement be compelled to reinspect the premises, we note that City of Cortland Zoning Ordinance § 300-170 provides that the city zoning ordinances shall be administered by the zoning officer and, pursuant to Zoning Ordinance § 300-143 (A), a party that is aggrieved by a decision of the zoning officer may appeal that decision to the Zoning Board of Appeals. There is nothing in the record indicating that petitioner appealed the failure of respondent to reinspect the premises to the Zoning Board of Appeals. Furthermore, although petitioner contends that its inability to commence operation of the clinic in August 2007 in essence terminated its nonconforming use variance, there has been no definitive determination by respondent's zoning officer on that issue. Accordingly, as petitioner failed to exhaust the administrative remedies offered under the City of Cortland Zoning Ordinance, it is foreclosed from raising these issues before this Court (see Matter of Hays v Walrath, 271 AD2d 744, 745 [2000]; Matter of Parisella v Zoning Bd. of Appeals of Town of Fishkill, 188 AD2d 712, 713 [1992], lv denied 82 NY2d 653 [1993]). Finding that petitioner failed to exhaust its administrative remedies, we conclude that Supreme Court properly dismissed the petition.

Cardona, P.J., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* On September 20, 2007, while the petition was still pending, petitioner was sentenced to a one-year conditional discharge, which included the condition that it not operate any facility for the care and keeping of cats for one year.