In the Matter of EAST LAKE GEORGE HOUSE MARINA, Appellant, v LAKE GEORGE PARK COMMISSION, Respondent. [892 NYS2d 675]——

Rose, J.

Petitioner is a sole proprietorship that operated a marina with both docks and moorings on Lake George in Warren County. After noting the complaints of neighbors and finding that petitioner violated the mooring conditions of its marina permit on a number of past occasions, respondent notified petitioner's owner, Harold Kirkpatrick, that it had determined to modify the permit by revoking petitioner's right to maintain the moorings. Kirkpatrick was also advised of his right to challenge the modification determination by submitting a written statement explaining why the permit should not be modified, requesting a hearing or doing both within 10 days as prescribed in respondent's regulations (*see* 6 NYCRR 645-5.10 [d]). In response, petitioner's counsel submitted a survey map showing how the moorings could safely fit within the permitted area and requested a hearing "as required by [respondent's] regulations." Respondent then wrote to petitioner's counsel indicating that a hearing would be scheduled and requesting a more detailed mooring plan in an effort to resolve the issue, suggesting that petitioner's proposal be resubmitted before the hearing rather than at the hearing. Instead, Kirkpatrick's son e-mailed both

the assigned hearing officer and respondent canceling the hearing request on his father's behalf, and the son later attended respondent's regular business meeting to present an alternate mooring plan proposal for respondent's consideration. Respondent took no action on the proposal, however, and issued a modified permit in accordance with its earlier determination. When petitioner commenced this proceeding seeking a judgment annulling respondent's modification of the permit and granting money damages for alleged harassment, respondent moved to dismiss on the ground that, among other things, petitioner's waiver of its right to a hearing constituted a failure to exhaust its administrative remedies. Supreme Court granted the motion and petitioner now appeals on that ground alone.

We affirm. Petitioner's proprietor was informed of his right to a hearing, yet he voluntarily canceled his request and instead chose to propose a compromise directly to respondent at its regular business meeting. Despite Kirkpatrick's allegation that respondent's executive director led them to believe that the opportunity to present the proposal was a substitute for a hearing, neither the documents in the record nor the letter submitted by them at oral argument make any such representation. Rather, petitioner was specifically advised that the cancellation waived the right to a hearing and that the opportunity to be heard at respondent's later meeting was not in any sense a substitute for a hearing. Inasmuch as petitioner failed to challenge respondent's determination at the available administrative hearing, it did not exhaust its administrative remedies, and the doctrine requiring that such remedies be exhausted precludes the present challenge to respondent's determination in the courts (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]; *Matter of Purr Fect World, Inc. v City of Cortland*, 57 AD3d 1254, 1255 [2008]; *Matter of Hays v Walrath*, 271 AD2d 744, 745 [2000]). Further, we cannot find that petitioner's circumstances come within any of the exceptions to the exhaustion doctrine (*see e.g. Matter of Town of Bellmont v New York State Dept. of Envtl. Conservation*, 284 AD2d 761, 763 [2001]). Petitioner's remaining contentions are both unpreserved and without merit.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.